## DAVID RICHARDSON *v.* WILLIAM SPENCER.

In an action on the case, againt the sheriff, for an escape on final process, he can not excuse himself by proof that the jail was insufficient, the county being liable to indemnify him if the escape was from that cause.

·On the general issue in such action, it is competent for the defendant to prove, in mitigation of damages, that the debtor had no property.

CASE against a sheriff for the negligent escape of a prisoner in jail on an execution, reserved in Licking. Plea, not guilty. At the trial, the plaintiff having proved his judgment, execution, arrest, commitment, and escape, rested. The defendant then offered evidence to prove that the escape arose from the insufficiency of the jail, and also that the debtor had no property. This evidence

being objected to and ruled out, a verdict was taken for the plaint-iff. The defendant now moves for a new trial, because the evidence offered by him was improperly excluded from the jury.

DILLE and H. STANBERY, for the motion, cited 2 Term, 126; 3. Stark. Ev. 1348; 1 Wheat. Selw. 457; 2 Phil. Ev. 230; 7 Johns. 192; 2 Johns. 270; 5 Mass. 312; 3 Bibb, 356; 5 Day, 225; 7 Serg. & R. 273; 1 Ohio, 119; 2 Ohio, 352.

J. MATHIOT and S. W. CULBERTSON, contra.

Judge WRIGHT delivered the opinion of the court:

In the Commissioners of Brown *v.* Butt, 2 Ohio, 351, this court determined that it was incumbent upon the county to provide and keep up the public jail, and the duty of the sheriff to confine his prisoners in the county jail; that he had no voice in providing the 14] jail, *or in repairing it; nor any discretionary power to confine his prisoners anywhere else, in case of the insufficiency of the jail; and therefore, that " where an escape happens in consequence of the want of, or the insufficiency of a jail, the county must be eventually liable for the escape." The case of Campbell *v.* Hampson, 1 Ohio, 119, was decided on similar principles. In the first case, the court (page 354) also decided that the amount recovered against the sheriff furnished the rule of damage in the case by the sheriff against the county. The sheriff, then, where an escape results from an insufficient jail, is liable, in the first instance, to the plaintiff in execution; and the recovery against him clothes him with power to coerce indemnity from the county. It seems to us to follow conclusively that, in the suit against the sheriff, evidence of the insufficiency of the jail could not operate on general grounds to discharge the sheriff from liability; and on that account, as well as because of its tendency to screen the county from its ultimate liability to indemnify the loss occasioned by the neglect of its officers, the evidence offered by the defendant on that point was properly rejected by the court.

An act of Parliament, in England, gives the action of debt to persons injured by an escape from execution. In that action the plaintiff recovers the entire debt for which his debtor was in execution. But debt for such an injury does not lie at common law;

and our legislature has never provided for it in this state. The rights of the parties to the present suit remain as at common law, and by its rules we must determine the admissibility of the evidence rejected at the trial. The issue of not guilty admits the defendant to prove any matter which, according to the circumstances of the whole case, will, in equity, preclude the plaintiff from a recovery ; or which tends, in case of recovery, to ascertain the actual amount of damages sustained. 1 Chit. Pl. 434; 8 Johns 453; Steph. Pl. 172. In such case the *prima facie* right of the plaintiff is to recover the whole debt due by his debtor, on proving the judgment, arrest, and escape. But this *prima facie* right may be rebutted by facts conducing to prove that in truth the loss was not the amount of the debt and to establish the exact injury. The total inability of the debtor to pay conduces directly to lessen the damages, and would be received to reduce them in all cases where the escape was not voluntary on the part of the officer. But a sheriff has no right to judge of the propriety of imprisoning persons *committed to his charge, or to permit [15 debtors to go at large, in the expectation of reducing the damage to be recovered of him by showing that no good could have resulted fram continuing the party in prison. Whether the case at bar, when all its circumstances are disclosed, will fall within the first or second class of cases, we can not tell. The facts must go to the jury, and the court take care to instruct them how to apply the law to the case as they find it. The court, on the circuit, were in error in excluding from the jury the evidence offered of the debtor's inability to pay, and for this reason a new trial is awarded, the costs to abide the event.