THE STATE on the Relation of FELLOWS and Another *v.* JOHNSON and Others.

Debt on sheriff's bond. Breach, that the relators had recovered a judgment against *A.* and *B.*; that their special bail had surrendered said judgment-debtors, who were committed to the custody of the sheriff, who voluntarily suffered them to escape. Return of not found as to the sheriff and suit abated as to him. *Held,* that the obligors were liable only for the damages actually sustained by the relator to the extent of the penalty, by the breach of duty committed by the sheriff. *Held,* also, that the jury might give such damages as they chose under the circumstances of the case.

Thursday,
July 20.

ERROR to the *Warren* Circuit Court.

BLACKFORD J.—This was an action of debt brought by the state, on the relation of *William* and *Cornelius Fellows,* on a sheriff's bond dated in 1839. The defendants named in the declaration are the sheriff and his four sureties. There are two breaches assigned in the declaration.

According to the first breach, the relators, at the *March* term, 1840, of the Circuit Court, recovered a judgment in debt against *Conover* and *Shaw;* that afterwards, at the same term, the special bail surrendered said judgment-debtors, and they were committed to the custody of the sheriff; that the sheriff, afterwards, voluntarily suffered the debtors to escape. The other breach need not be noticed further.

The defendants, except the sheriff who had not been served with process, pleaded five pleas in bar.

The first and third pleas were demurred to and the de-

murrers sustained. On the others there were issues in fact.

Verdict for the plaintiff for one cent in damages. Judgment accordingly against the defendants who pleaded. The plaintiff below is the plaintiff in error.

The first error assigned is, that the sheriff is not included in the judgment. The record states that the process was returned served on all the defendants except the sheriff, and was returned as to him not found, that afterwards an attorney appeared for the defendants (not naming them); that afterwards the plaintiff's attorney suggested the return of not found as to the sheriff; and that the four defendants, impleaded with the sheriff, pleaded, &c. It appears plainly, therefore, that the suit was abated as to the sheriff, and that he could not be included in the judgment.

Another error assigned is, that the Court refused to instruct the jury that if they found for the plaintiff, they must find as large a sum as the amount of the judgment against *Conover* and *Shaw*. The plaintiff contends that, as this is an action of debt, and one breach is for an escape after judgment, he had a right to this instruction. There is no doubt that, where the escape is out of execution, and the suit is in debt against the sheriff alone on his liability independently of his bond, the plaintiff, on proving the escape, is entitled to recover the amount of the judgment against the prisoner. 1 Selw. N. P. 615. The English statutes giving that remedy are in force here. *Gwinn* v. *Hubbard*, 3 Blackf. 14.—*Hall* v. *Johnson*, id. 364. But this case is different. The suit is against the sheriff's sureties, and founded on their bond. We consider such obligors to be liable only for the damages actually sustained by the relator, to the extent of the penalty, for the breaches of duty committed by the sheriff. This suit, as to the damages, is like an action on the case at common law for an escape, in which action the jury give such damages as they choose under the circumstances of the case. 1 Selw. N. P., *supra*.

The plaintiff objects to some instructions given to the

jury as to the proof of the issues in fact; but those issues being found for the plaintiff, he cannot complain of those instructions.

*Per Curiam.*—The judgment is affirmed with costs.

*R. A. Chandler*, for the plaintiff.

*R. C. Gregory*, for the defendants.