Brinkerhoee, C. J.
Section 173 of the code of civil procedure (3 Curwen’s Stat. 1963), provides that “any person causing another to be committed to jail under the provisions of this chapie7;’, (chapter 1, title 8), “shall be liable, in the first instance, for the jail fees, and shall, if required by the jailor, pay such fees -weekly in advance; and such fees, so paid, shall be a part of the costs of the case.” And in Gill v. Miner, 13 Ohio St. Rep. 282, it was held that the failure by the plaintiff in execution to pay such fees in advance, on demand by the jailor, would justify the sheriff in discharging the debtor imprisoned under the provisions of that chapter. And we are also referred to the case of Carter v. Krise, 9 Ohio St. Rep. 402, where it is held that a proceeding in bastardy, under the statute referred to, is a civil proceeding, in so far at least as to bring the parties thereto within the purview of the provisions of section 310 of the code in respect to their competency as witnesses on the trial of the issue for which the bastardy act provides. And hence it is argued that the court below erred in sustaining the demurrer to the answer of the sheriff, defendant below, setting up a demand and non-payment of jail fees as a justification for the voluntary escape of the prisoner.
But neither the cases referred to, nor the 173d section of the code have really anything to do with the question made by the demurrer to the answer; and this, simply because the prisoner whose voluntary escape was complained of, was not “committed to jail under the provisions of” chapter 1, title 8, of the code of civil procedure, but under another and different statute, known in common parlance as the bastardy act. And there being no other statute authorizing the discharge of the *46 prisoner for the cause alleged in the answer, the court below did not err in sustaining the demurrer.
The only remaining question in the case is, whether the court below erred in excluding testimony offered on the trial in mitigation of damages, to the effect that the prisoner, at the time when he was committed to jail and discharged therefrom by the sheriff, was insolvent and had no property of any kind.
Formerly, in England, an action of debt was given, by statute, to persons injured by the escape of debtors in execution. And this is, perhaps, still the case in some of the states of our Union. Under the inflexible provisions of these statutes, it seems that the amount of the debt was the sole measure of the amount recoverable in an action of debt for an escape. But in this state we have never had any such statute, and the matter remains as at common law. The only reported case in this state bearing on the point, which I have been able to find, is that of Richardson v. Spencer, 6 Ohio Rep. 13; where it was held, that in an action on the case for an escape on final process, it is competent for the defendant to prove, in mitigation of damages, that'the defendant had no property. In that case the escape was involuntary, or at most negligent, on the part of the sheriff; and the court intimate that the rule of damages might be different where the escape was voluntary; but that question was not before the court, and was not, therefore, and could not be authoritatively passed on. And the adjudged cases do not establish such a distinction. And although the rules of damages, in actions on the case for escape, specially as relating to the burden of proof, still appear to be somewhat afloat in England, yet, in this country the following rules seem now to be settled by the preponderating weight of authority:
1. On proving the judgment, arrest and escape, the plaintiff is, prima facie, entitled to recover the whole amount of his debt.
2. To reduce the recovery below the amount of the debt due from the escaping prisoner, the onus probandi rests upon the defendant.
*47 8. Eor this purpose the defendant may not show that the amount of the debt is still capable of being collected from the escaped prisoner; but may show his partial or total insolvency or pecuniary worthlessness at the time of the escape.
4. That on proving judgment, arrest and escape, the plaintiff, in all cases, is entitled to recover at least nominal damages.
5. Where the jury find the escape to have been not only voluntary on the part of the officer, but that, in permitting the same, he was actuated by fraud, malice, or corruption, they are not restricted to the amount of pecuniary injury actually sustained, and may include reasonable exemplary damages ; but, with this exception, where evidence in mitigation is given, the actual injury sustained, is the proper measure of recovery.
For error in excluding the evidence offered in mitigation of damages, the judgment of the court of common pleas is reversed and cause remanded.
Scott, Ranney, Wilder and White, JJ., concurred.