THE STATE, on the Relation of BILLMAN, *v.* HAMILTON.

ESCAPE.—*Liability of Sheriff.*—*Bastardy.*—Where judgment is rendered against the defendant in a prosecution for bastardy, and he is committed to jail for failure to pay or replevy said judgment, and the sheriff permits him to escape without paying or replevying the same, the sheriff is liable for the full amount of said judgment, notwithstanding the insolvency of said defendant.

APPEAL from the Ripley Common Pleas.

BUSKIRK, J.—This was an action brought by the relatrix, Louisa Billman, against the appellee, as sheriff of Ripley county, for permitting an escape. The complaint was in two paragraphs. The substantial allegations in the complaint are, that the relatrix, on the — day of August, 1867, obtained a judgment, in the Ripley Circuit Court, against Stephen Volty, in a prosecution for bastardy, for the sum of four hundred dollars and the costs of the prosecution; that the court ordered that the defendant should pay or replevy the said judgment; that upon failure so to do, he should be committed to the jail of the said county; that he failed and refused to pay or stay such judgment, and was by the appellee, who was then the sheriff of the said

county, committed to the jail of the said county; that afterwards, and while in the said jail, the appellant negligently permitted him to escape; that the said judgment remained unreversed and unpaid, in whole or in part; and that she had been compelled, by her own labor, to support the said bastard child, which was then living, and she demanded a judgment against the appellee for the principal, interest, and costs of the said judgment.

The appellee answered in two paragraphs. The first was the general denial. The second was in these words: "And for a second and further answer to the first and second paragraphs of the complaint, by way of mitigation of damages, the defendant says, that at the time of the rendition of the said judgment for bastardy against the said Stephen Volty, the said Volty was, and ever since has been, notoriously insolvent, and had no means out of which the said judgment, or any part thereof, could have been made."

The appellant demurred to this answer, which was overruled and excepted to.

The appellant replied in two paragraphs. The first was in denial. The second charged, in substance, that the said Stephen Volty had friends who would have become replevin bail on the said judgment; that at the time of his escape he had actually made an arrangement with Peter Wagner, a citizen of said county, and who was responsible, to replevy the said judgment; that the said Wagner would have become replevin bail on the day after his escape, if he had not escaped; and that after such escape the said Wagner refused to replevy the same.

The appellee demurred to this paragraph of the reply, which demurrer was sustained, and the appellant excepted. The appellant then, by the leave of the court, withdrew the general denial, and refusing to further reply, the court found for the defendant for want of such reply. Judgment was then rendered for the appellee, and the appellant excepted.

The overruling of the demurrer to the second paragraph of the answer is assigned for error, and is the first question presented for our decision.

An escape is either voluntary or negligent; voluntary when the officer permits him to escape; negligent when the party escapes without the consent of the officer. "By the common law, debt only lies upon contracts. Escapes are considered torts, and are so treated by courts of justice. Hence, at common law, the remedy is an action on the case." *Gwinn* v. *Hubbard*, 3 Blackf. 14. The statutes of West. 2, ch. 11 (13 Ed. 1), and 1 Rich. 2, ch. 12, give the action of debt for escapes on the writ of *ca. sa.* These statutes read as follows: "If, after judgment, a sheriff permits a debtor to escape who is charged in execution for a certain sum, the debt immediately becomes his own, and he is compelled to satisfy the whole amount." These statutes are in force in this State. *Gwinn* v. *Hubbard*, *supra*; 1 G. & H. 415. In an action at common law for an escape, the defendant may plead, in mitigation of damages, the insolvency of the party who escapes, where the escape is not voluntary. *Richardson* v. *Spencer*, 6 Ohio 13; Daugherty on Sheriffs, 180.

Under the statute above quoted, the defendant is liable for the whole debt. He cannot, therefore, plead in mitigation of an action based on such statute, the insolvency of the party who has escaped. Besides, in this State, a person who is found to be the father of a bastard child, on failure to pay or replevy the judgment, is to be imprisoned in the jail of the county until he does comply with the order of the court. To permit a sheriff, when he is sued for permitting the escape of a person confined in jail for a failure to pay or replevy a judgment in bastardy, to plead the insolvency of the person that he had permitted to escape, would be to deprive the unfortunate mother of such a child of a substantial remedy, provided by the laws of this State for the enforcement of her judgment, and to encourage the repetition of such offenses against good morals, the peace and happiness of families, and the best interests of

society. We cannot give our sanction to any such doctrine. The court erred in overruling the demurrer to the second paragraph of the answer. For this error the cause must be reversed. The conclusion that we have reached renders it unnecessary for us to pass upon the sufficiency of the second paragraph of the reply.

The judgment is reversed, with costs; and the cause is remanded, with directions to the court below to sustain the demurrer to the second paragraph of the answer, and for further proceedings according to this opinion.

*W. D. Willson*, for appellant.

*R. M. Goodwin, L. Howland,* and *W. D. Ward,* for appellee.