## THE STATE, EX REL. SHIRK, *v.* MULLEN ET AL.

BASTARDY.—*Commitment.*—On the commitment of a defendant in a bastardy proceeding for a failure to comply with the final order of the court, no writ other than the order of the court is necessary to authorize his imprisonment.

ESCAPE OF PRISONER.—In an action against a sheriff for the escape of a prisoner, the law knows but two kinds of escapes ; one voluntary and the other negligent.

SAME.—*Negligent Escape.*—It is no defence to an action for a negligent escape, that the sheriff used care in keeping the prisoner.

SAME.—In case of a negligent escape, the sheriff is liable, *prima facie*, for the amount of the judgment, with accrued interest, but he may show in mitigation of damages, that the prisoner had no property or means with which he could have paid or secured the debt in whole or in part, and that he could not procure the same to be replevied.

From the Henry Circuit Court.

*Brown & Brown* and *R. L. Polk*, for appellant.

*M. E. Forkner, M. L. Bundy*, and *W. M. Watkins*, for appellees.

DOWNEY, J.—In a prosecution in the name of the State, on the relation of Mary Williams, against one Elias Harrold, for the support of an illegitimate child, Harrold was ordered to pay five hundred dollars for the support of the child, and was committed to jail until he should comply with the order. Shirk, the relator, was appointed by the court trustee to collect and pay out the fund for the support of the child. This action is

on the bond of the sheriff, against him and his sureties, and it is alleged as a breach of the condition of the bond, that the sheriff carelessly and negligently allowed Harrold to escape from prison, and that he has not since been recaptured or returned.

Answer in five paragraphs, the first of which was a general denial, and demurrers were sustained to the others. No question is made as to the pleadings.

Trial by jury, and verdict for the plaintiff in the sum of five dollars.

Motion by the plaintiff for a new trial for the reasons following :

1. Because the verdict is contrary to law.

2. Because of error in the assessment of the amount of recovery, the same being too small.

3. Giving charge number 7 to the jury.

4. Refusing to give charges numbered 2, 3, 4, 5, and 6, asked by the plaintiff.

It is urged by the appellee that whatever error the court may have committed in the instructions, the judgment cannot be reversed, for the reason that the evidence does not show that the prisoner was ever legally in the custody of the sheriff. We think the record and other evidence clearly shows that the prisoner was committed, by order of the court, to the custody of the sheriff, that the sheriff took charge of and imprisoned him, and that he escaped by making a passage through the wall of the jail. No writ, other than the order of the court, was necessary to authorize the commitment of the defendant in the bastardy case. Charge 7 given by the court is as follows :

"If you find for the plaintiff, she is entitled to recover whatever damages has been actually sustained by means of the escape. The defendants in this case are only liable for the damages actually sustained by the relator, not exceeding the amount of the penalty of the bond. You are, therefore, not bound to give the plaintiff the amount of the judgment in the bastardy case, or any other particular amount, but just such sum as will compensate the plaintiff for the actual pecuniary damages she has sustained by reason of the escape."

The instructions asked and refused are as follows:

" 2. If you find for the plaintiff, the measure of damages will be the amount of the bastardy judgment.

" 3. If you find for the plaintiff, the measure of damages will be the present value of the bastardy judgment.

" 4. If you find for the plaintiff, the measure of damages will be the amount of. the bastardy judgment with six per cent. interest in addition on each instalment as is due from the time due until this time.

" 5. The solvency or insolvency of the defendant in the bastardy judgment is not a material question for you to consider.

"6. The law knows but two kinds of escapes, one voluntary and the other negligent, and it is no defence to this action that the sheriff used care in keeping the prisoner."

We think it may be regarded as settled, in *The State* v. *Hamilton*, 33 Ind. 502, that in cases like this the sheriff is liable, in case of a voluntary escape, for the whole amount of the judgment, whether the prisoner is solvent or insolvent. But in case of a merely negligent escape, while *prima facie* the amount of the judgment is the measure of damages, the sheriff may show in mitigation of the damages, that the prisoner had no property or means with which he could have paid or secured the debt in whole or in part, and that he could not procure the same to be replevied. It was not proved in this case that the defendant in the bastardy case had no property or means with which he could have paid or secured the debt, and that he could not procure the same to be replevied, and hence the instruction of the court, given to the jury, was incorrect. We think, under the evidence given, the measure of damages was the amount of the judgment, with any interest which had accrued on it or on any part of it. The sixth instruction asked should have been given. *The State* v. *Hamilton, supra.*

The judgment is reversed, with costs, and the cause remanded, with instructions to grant a new trial.

PETTIT, J.—I dissent, as I deny the right to imprison in bastardy cases after judgment.