No. 9946.

## LAKIN ET AL. *v.* THE STATE, EX REL. PARKER ET AL.

BASTARDY.—*Escape.—Constable's Bond.*—A constable, negligently suffering the escape of a defendant in a bastardy prosecution, who has been committed to his custody by a justice of the peace, breaks the condition of his bond.

SAME.—*Measure of Damages.—Insolvency.*—*Prima facie*, the recovery on the bond in such case should be the amount adjudged against the defendant in bastardy on trial in the circuit court, and the insolvency of the defendant in bastardy is no mitigation.

SAME.—*Action on Constable's Bond.—Answer.*—In a suit on the constable's bond, a plea that the defendant in bastardy was not guilty is bad.

From the Hendricks Circuit Court.

*J. V. Hadley, E. G. Hogate* and *R. B. Blake,* for appellants.
*N. M. Taylor, T. J. Cofer, J. W. Gordon, R. N. Lamb* and *S. M. Shepard,* for appellees.

ELLIOTT, J.—The complaint in this case is upon a constable's bond, executed by William Lakin as principal and the other appellants as sureties. The breach alleged is that Lakin wilfully suffered the escape of one Stephen H. Newby, who had been committed to his custody by a justice of the peace on a charge of bastardy preferred by the relator.

Proceedings under the statute regulating prosecutions in bastardy cases can not be regarded as ordinary civil actions.

They are special statutory proceedings, and are civil proceedings, but not strictly civil actions. The rules which measure the liability of officers suffering an escape of one arrested on *mesne* process, issued in civil actions, can not be applied to cases of prosecutions for bastardy. The remedy of the relator is very different from that of a plaintiff in an ordinary action, and very different liabilities attach to the defendant. The offender must pay the final judgment rendered against him, or suffer imprisonment. The custody of the law attaches to his person as soon as the judgment of the justice on the preliminary examination, is pronounced, and from that time forward he is in legal custody unless he gives the required bond. We do not think that the rules which prevail on the subject of the liability of officers in ordinary civil actions can have force in prosecutions for bastardy, and deem it unnecessary to review the cases cited by counsel.

Our statute means that a defendant in a bastardy prosecution, found guilty by the justice on a preliminary examination, shall either be kept in the custody of the law or give bond for his appearance at court. It means, too, that the constable, into whose custody the defendant is committed, shall safely keep him and make delivery to the proper sheriff. The plain duty of the constable is to use diligence and care to prevent the escape of the defendant, and if he violates this duty he is liable on his bond. It is useless to refer to old technical rules, for the bonds of constables in our State are executed to secure the performance of duties enjoined by our laws. If we find a plain statutory duty enjoined, and find that it has been violated, we need look no further; for, these things appearing, the cause of action, in favor of the party to whom the duty is owing, is complete.

It is clear, from what has been said, that the constable was guilty of a breach of duty, and that he owed this duty to the plaintiff in this cause, and, this being true, there is an undoubted right of action.

It was the duty of the constable to obey the process issued

to him, and he is not in a position to insist that the complaint does not in terms aver that the defendant in the bastardy prosecution was guilty as charged. If it were granted that he is in a situation to do this, then it would follow that constables, and not justices, are the judges of the truth or falsity of the charge preferred against the defendant. The judgment on the preliminary examination settles this question in so far as it concerns the constable's duty, and it is not for him to review the decision of the magistrate. There can be no misconception of our statute; it provides in plain terms what the constable shall do, and he must follow the law as it is written.

There is no resemblance between a case where a magistrate upon a hearing orders a defendant into custody in accordance with express statutory provisions, and cases where the arrest is made without a hearing and upon a mere *ex parte* affidavit. Our statute intends that the accused shall not be imprisoned until he has had a hearing, but that if, upon a hearing, judgment goes against him, he shall do one of two things, go to jail or give bond. It is not part of the constable's business to challenge the correctness of the magistrate's decision; his business is to execute the process issued to him as the law directs.

A constable, who takes a defendant into custody on a warrant issued for his arrest, is bound to use proper diligence to prevent the escape of the accused. It is the officer's duty to guard the defendant during the hearing and keep him until the order of commitment, and then to execute that order as the law commands. A constable does not discharge his duty by bringing the accused before the magistrate, and then giving no further supervision to his safe-keeping. It would hardly be contended that a sheriff could arrest a criminal, place him in the dock, and then leave him unguarded. Yet the principle which governs such a case is precisely the same as that which rules this. A constable serving a warrant is charged with the care and custody of the person arrested during the proceedings in the magistrate's court; he is the ministerial officer,

and must look to the safe detention of the person by him arrested. If, having the custody of the accused, he goes out with him to secure bail and then suffers him to escape, he is guilty of a breach of official duty. The duty to prevent an escape is not an intermittent one, but is a continuous one, beginning with the arrest and continuing until the commands of the law have been carried into effect.

The appellants pleaded in mitigation of damages, that Newby, the defendant in the bastardy prosecution, was wholly insolvent, and they here insist that the theory upon which the answer proceeds is the correct one. It is well settled that where there is a judgment in a prosecution for bastardy in the circuit court an officer suffering an escape can not plead the defendant's insolvency. *State, ex rel.,* v. *Hamilton,* 33 Ind. 502; *State, ex rel.,* v. *Mullen,* 50 Ind. 598; *Smith* v. *Com.,* 59 Pa. St. 320; *Karch* v. *Com.,* 3 Pa. St. 269; *Snyder* v. *Com.,* 1 Pa. 94. But in the present case there was no final judgment, until after the escape, fixing the amount of the defendant's liability, and the cases cited can not be said to be decisive of the question. We think, however, that the reasoning in these cases leads to the conclusion that where the officer wilfully suffers an escape after the preliminary hearing, he is bound to the extent of the sum fixed by the judgment on the final trial, and can not plead the defendant's insolvency in defence. In *State, ex rel.,* v. *Hamilton, supra,* it was said: "To permit a sheriff, when he is sued for permitting the escape of a person confined in jail for a failure to pay or replevy a judgment in bastardy, to plead the insolvency of the person that he had permitted to escape, would be to deprive the unfortunate mother of such a child of a substantial remedy, provided by laws of this State for the enforcement of her judgment, and to encourage the repetition of such offences against good morals, the peace and happiness of families, and the best interests of society." This is equally true of such a case as this. It would practically nullify the provision of the statute prescribing imprisonment, if a constable were allowed to

evade liability for a wilful disregard of duty by proof of the insolvency of the defendant in the bastardy prosecution. Imprisonment is an effective mode of compelling payment, and a constable can not justify or mitigate his wrong in wilfully suffering an escape by proof of the defendant's insolvency, since to allow him to do so would be to take from a litigant an essential part of the remedy expressly given by the law. It is not for the constable to decide whether anything could have been coerced from the defendant or his friends; it is his business to obey the law. If the defendant were solvent there would be little need for imprisonment, because the judgment could be enforced by the ordinary legal process, but where he is insolvent, some other mode of enforcing payment is necessary; this the statute furnishes in the form of imprisonment, and no officer who has been faithless to his duty, can be allowed to make the mode thus provided ineffectual, and then mitigate the consequences of his wrong by proof of the insolvency of the defendant. The faithless officer has no right to compel parties or courts to undertake the work of attempting to ascertain whether or not imprisonment would have forced the defendant to pay the judgment. Such an attempt would at best be little else than conjecture, for a great number of subsidiary matters must enter into the enquiry; remote contingencies, and speculative considerations would have to be investigated and weighed, and at last no result approximating certainty be attained.

*Prima facie,* at least, the judgment rendered on the final trial of the bastardy prosecution is the measure of damages. The proximate result of the constable's wilful wrong is the deprivation of the means of coercing payment of the judgment to which the tribunal appointed by law to determine the matter adjudges the plaintiff entitled. No other standard can be set up without making the provision of the statute concerning imprisonment inoperative and involving the whole subject in doubt and obscurity. We do not affirm that the judgment is conclusive—we need not go that far in

this case—but we do adjudge that where a constable wilfully suffers the defendant in a bastardy prosecution to escape, the judgment on the final trial establishes, at least *prima facie,* the guilt of the defendant, and that the sum awarded is, *prima facie,* the amount which the plaintiff in an action on the constable's bond is entitled to recover.

Judgment affirmed.