No. 10,815.

ROOKSBY ET AL. *v.* THE STATE, EX REL. COOPER.

BASTARDY.—*Forfeited Recognizance Bond.—Measure of Damages.—Pleading. —Principal and Surety.—Insolvency of Principal.—Fraud.*—Suit on a forfeited recognizance to appear before a justice upon a charge of bastardy, abide the order of the justice, and not depart without leave; breach, failure to give bond for his appearance at the circuit court as ordered, and departing. On trial of the bastardy case in the circuit court in the absence of the accused, notice to him being by publication, he was found guilty and adjudged to pay $300.

*Held*, that an answer by the sureties that the accused was insolvent was bad, either as a bar or in mitigation.

*Held*, also, that an answer that the justice "made up a fraudulent record," showing a forfeiture of the recognizance, was bad.

From the Hamilton Circuit Court.

*W. H. Hudson* and *C. W. Cook,* for appellants.

*W. N. Tracewell* and *R. J. Tracewell,* for appellee.

FRANKLIN, C.—One William H. Reaugh was prosecuted before a justice of the peace for bastardy on complaint made by the relatrix herein, Mary J. Cooper. Reaugh was arrested and brought before the justice for trial. The cause was continued to a subsequent day, and Reaugh entered into his recognizance in the sum of $400 for his appearance before said justice, at a day certain, with the appellants as his sureties. The defendant Reaugh appeared at the time required, but did not abide the order of the court; he failed, as ordered, to give security for his appearance at circuit court, and departed without doing so, and therein made default. The justice declared his recognizance forfeited, entered the forfeiture of record, endorsed a certificate of the forfeiture upon the recognizance, made a certified transcript of the proceedings, and transmitted the same, together with all the papers in the case, to the circuit court, where, upon subsequent proceedings had, on publication, in the absence of Reaugh, a judgment was rendered in favor of the relatrix for $300. Whereupon this suit was commenced upon the recognizance. Reaugh was not found,

and the case was continued as to him.    Appellants Rooksby
and Highfill appeared and demurred to the complaint, which
was overruled; they then answered in six paragraphs; the
first was a denial, and a demurrer was sustained to all the
other paragraphs.    There was a trial by the court, a finding
for the relatrix, and over a motion for a new trial judgment
was rendered for $300.

There are several errors assigned, but we need only notice
such as have been presented by appellants in their brief.

The first error complained of is the sustaining of the de-
murrer to the third and fourth paragraphs of the answer.
They are the same in substance.    The appellants set up
therein the insolvency of the defendant Reaugh, and claim that
it is a good defence, in mitigation of damages.    They admit
that Reaugh failed to comply with the terms of his recogni-
zance, but insist that appellee could only recover the damages
actually sustained, and in support thereof we are referred to
the cases of *State, ex rel.,* v. *Johnson,* 1 Ind. 158, *State, ex rel.,*
v. *Hamilton,* 33 Ind. 502, and *State, ex rel.,* v. *Mullen,* 50
Ind. 598.

The first case referred to was against a sheriff and his sure-
ties on his official bond for voluntarily suffering an escape of
an imprisoned debtor, in which it was held that the sureties
were only liable for the damages actually sustained.

The second case was against a sheriff for permitting a de-
fendant to escape from jail after judgment had been rendered
against him in a bastardy proceeding, in which it was held
that the sheriff was liable for the amount of the judgment,
and wherein the following language is used:    "In this State,
a person who is found to be the father of a bastard child, on
failure to pay or replevy the judgment, is to be imprisoned
in the jail of the county until he does comply with the order
of the court.    To permit a sheriff, when he is sued for per-
mitting the escape of a person confined in jail for a failure
to pay or replevy a judgment in bastardy, to plead the insol-

vency of the person that he had permitted to escape, would be to deprive the unfortunate mother of such a child of a substantial remedy, provided by the laws of this State for the enforcement of her judgment, and to encourage the repetition of such offences against good morals, the peace and happiness of families, and the best interests of society. We can not give our sanction to any such doctrine."

The last case referred to was also against a sheriff and his sureties on his official bond for permitting a defendant in a judgment upon proceedings in bastardy to escape from jail, in which it was held that an instruction that the plaintiff could only recover the actual damages sustained by the escape was erroneous; and in this case a distinction is made between voluntarily and involuntarily permitting escapes. But, upon the authority of the case of *State, ex rel.,* v. *Hamilton, supra,* the case was reversed for the erroneous instruction.

The failure to keep the terms of the recognizance is a breach of a contract for the performance of which the relatrix had a substantial security, and is not like the tort of an officer permitting an escape, where the only security held by the relatrix was the body of the defendant, for, true, in that case, if he was insolvent, the body might not be very valuable to her. But even in such a case, if the sheriff is to be held liable for an escape to the amount of the judgment, why not hold the surety in the recognizance liable to the amount of the judgment.

The case of *Turner* v. *State, ex rel.,* 66 Ind. 210, is very similar to the one under consideration, in which it was held that the recognizance was given to secure the relatrix in any sum that she might recover in the circuit court; that the condition of the recognizance was that the defendant should abide the order of the justice; that order was that he should give security for his appearance in the circuit court, and abide the judgment and order of the circuit court, which he failed to do, and there was a breach of the recognizance, upon which the relatrix could maintain an action. And the de-

fence was insufficient, which set up that the defendant appeared before the justice and went into trial, and after judgment that he was the father of the child, absconded without giving the necessary recognizance for his appearance at the circuit court.

The third and fourth paragraphs of answer pleaded the insolvency of the defendant in bar of the plaintiff's cause of action, and not merely in mitigation of damages, as is argued by appellants' counsel. They are clearly bad. Nor do we think they would have been good if pleaded merely in mitigation. *Larkin* v. *State, ex rel.,* 89 Ind. 68.

The fifth paragraph of the answer sets up, as appellants allege in their brief, "that the justice made up a fraudulent record."

There is no fraud charged in the relatrix, in procuring the judgment that the defendant was the father of the child, but in the justice in making up the record that the recognizance was forfeited. In a collateral proceeding upon the recognizance, fraud in the justice, in entering a forfeiture of the recognizance, can not be set up as a defence to the plaintiff's action. If the justice committed a fraud, he alone is to be held responsible for it. His record is conclusive against a collateral attack. There was no error in sustaining the demurrer.

As to the overruling of the motion for a new trial, appellants in their brief say: " The court rejected the offered evidence of one William Highfill and of William S. Jones, and of Sarah P. Rooksby, to prove the facts set up in the third, fourth, fifth and sixth paragraphs of answer. It is for the court to say upon inspection, whether the evidence was competent." If the appellants are content to not point out any objection to the ruling upon the evidence, we feel content to not search after any, but will be satisfied by concluding that as the demurrers were sustained to all of said paragraphs, there was no error in refusing to hear evidence under them or either of them. And as appellants say nothing more about the motion for a new trial, we conclude there was no error in over-

ruling the motion. We find no error in the record. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things affirmed, with costs.

