Filed Jan. 12, 1887.

---

No. 12,683.

THE STATE, EX REL. MINOR, *v.* NEWCOMER ET AL.

SHERIFF.— *Escape of Prisoner.*— *Action for.*—*Recapture.*— *Measure of Damages.*—*Bastardy.*—Where, during the pendency of an action against a sheriff, by the relatrix in a bastardy proceeding, for permitting the defendant in that proceeding to escape, the fugitive is re-arrested, although more than three months after his escape, and held in custody under a judgment recovered against him in his absence by the relatrix, the sheriff is liable only for actual damages. *State, ex rel.,* v. *Hamilton,* 33 Ind. 502, and cases following it, distinguished.

From the Hamilton Circuit Court.

*R. R. Stephenson* and *W. R. Fertig*, for appellant.

*T. J. Kane* and *T. P. Davis*, for appellees.

Howk, C. J.—This was a suit by appellant's relator, Alice Minor, upon the official bond of appellee Newcomer, as sheriff of Hamilton county, against him and his sureties therein. The breach of the bond assigned was, that Newcomer, as such sheriff, wrongfully, unlawfully and voluntarily suffered one Wilie Lucas, who was lawfully in his custody, at the suit of the relatrix, upon the charge of bastardy, to escape from his custody in the county jail. The cause was put at issue and tried by the court; and at the request of the relatrix, the court made a special finding of the facts, and thereon stated its conclusions of law, in her favor. Over her exceptions to the conclusions of law, the court rendered judgment in accordance therewith.

The only error assigned here, by appellant's relatrix, is that upon the facts specially found the court had erred in its conclusions of law.

The court found the facts of the case to be substantially as follows:

The defendant Newcomer was the sheriff of Hamilton county for the term of two years, beginning on the 18th day of November, 1882, and on that day qualified and gave bond with his co-defendants as his sureties therein; a correct copy of which bond was filed with the complaint herein.

On the 27th day of August, 1884, on the complaint of the relatrix herein before a justice of the peace of Hamilton county, one Wilie Lucas was, by such justice, adjudged to be the father of a bastard child, of which relatrix had then been delivered, and, being in custody, was required by such justice to give bond in the sum of $1,000, conditioned for his appearance at the next ensuing term of the Hamilton Circuit Court to answer such charge of bastardy. Lucas failing to give such bond was, by such justice, committed to the county jail of such county and was there received by the defendant Newcomer, as such sheriff, under the order of commitment, and confined in such jail by authority thereof, and not otherwise, until the 1st day of September, 1884, when such sheriff,

without the knowledge or consent of the relatrix, took said Lucas out of such jail and put him in charge of a bailiff to visit the house of the relatrix to try to negotiate a compromise with her,—her residence being — miles from the jail. After visiting the home of relatrix and failing to agree on a compromise, said Lucas went to the town of Sheridan, in such county, in company with such bailiff, and was allowed by the bailiff to alight from the buggy wherein they were travelling, and go into a house alone after some clothes, while the bailiff remained in the buggy in the street. Lucas never returned to such bailiff, but made his escape through the back part of the house, and the bailiff returned to the jail without him ; and Lucas remained at large until said cause was tried in the circuit court, and judgment was rendered against him, as hereinafter found. On the day last named, the defendant Newcomer, as such sheriff, suffered the escape of Wilie Lucas from such jail, and such escape was voluntary on the part of such sheriff.

Such justice without delay transmitted to the Hamilton Circuit Court a transcript of such bastardy proceedings, and all the papers therein, and said cause was docketed for trial in such court. At the February term, 1885, of such court, the escape of Lucas was suggested and noted on the record, and he was called and defaulted, and the cause was tried by the court in his absence ; and he was found to be the father of such bastard child, and judgment was rendered against him for the maintenance thereof, in the sum of $600, payable to the relatrix in instalments, as follows: $100 in thirty days thereafter, and $100 on the 10th day of February, in each year for five years next thereafter, which judgment remained wholly unpaid, and without replevin bail for stay of execution thereon. As part of such judgment, Lucas was required to replevy the same by good freehold bail, and, in default thereof, it was ordered that he be committed to jail. Afterwards, on the 1st day of May, 1885, the defendants procured the re-arrest of Lucas by the succeeding sheriff of such

county, by whom he was placed in the common jail of the county, where he had been since, and then was, held in custody under the *mittimus*, judgment and proceedings in said cause, and not otherwise. At the commencement of such bastardy proceedings, Wilie Lucas was and had been since, and still was, openly and notoriously insolvent, and had no money or property and had none then, and at no time had any friends who were able or willing to assist him in replevying or paying such judgment.

This action was commenced on the 17th day of April, 1885, at which time Wilie Lucas was at large and his whereabouts were wholly unknown, and he remained at large and in parts unknown until May 1st, 1885. At the time of commencing this action, the relatrix employed counsel, whose services in the preparation and prosecution of this cause, up to the time of such re-arrest, were of the value of $25, and she had incurred other costs and expenses in the sum of $10, for clerk's and sheriff's fees in this action. At all times, while Lucas was at large, defendant Newcomer was making diligent efforts to ascertain the whereabouts, and effect the recapture, of said Lucas, and had other parties employed to assist him in such search. Newcomer was acting in good faith, in allowing Lucas to leave the jail in charge of a bailiff, in the honest belief that Lucas was going to visit the relatrix with the honest purpose of effecting a compromise, and did not thereby intend in fact to allow or permit said Lucas to escape. Relatrix has not been damaged or injured, in any respect whatever, by reason of the said escape of said Lucas, *except* in the matter of attorneys' fees and costs accrued in the commencement and prosecution of this case prior to May 1st, 1885.

As conclusions of law upon the foregoing facts, the court found (1) the measure of the relatrix's damages, upon the bond in suit, to be the $25 attorneys' fees and $10 costs, above mentioned, and (2) in consequence of the insolvency of Lu-

cas, and his subsequent re-arrest, the relatrix sustained no damages on account of her said judgment.

Upon the facts found by the court, did it err in its conclusions of law? Conceding that the escape of Wilie Lucas from jail and from the custody of the sheriff was voluntary on the part of such sheriff, can it be correctly said, in view of all the facts found by the trial court, that he and his sureties, by reason of such escape, became liable to the relatrix upon his official bond for the full amount of her judgment against the said Lucas? The trial court found as a fact, and as a conclusion of fact from a number of other facts which were also fully found, that the relatrix had not been damaged or injured, in any respect whatever, by reason of the escape of Wilie Lucas, except as to her attorneys' fees and costs in this suit, prior to the re-arrest of Lucas on May 1st, 1885, for which fees and costs the relatrix recovered judgment. Substantially in accordance with this fact and conclusion of fact, and almost in the same language, as we have heretofore shown, the trial court stated its conclusions of law.

In section 6124, R. S. 1881, in force since May 6th, 1853, it is provided that if any prisoner, confined on civil process, shall violently escape from prison, without the connivance of the jailer, and such prisoner shall be recommitted to the prison whence he escaped, within three months next after such escape, such recommitment shall operate to bar any recovery against the sheriff for such escape, except for the costs of any action that shall have been previously commenced against him therefor.

It is clear that the case under consideration is not within the letter of these statutory provisions, for the re-arrest and recommitment of Lucas, as found by the court, was not within three months, nor until eight months, next after his escape; and it can hardly be said, with any degree of accuracy, that Lucas had violently escaped from prison or from the custody of the sheriff.

In *State, ex rel.,* v. *Hamilton,* 33 Ind. 502, it was held that

the statutes of West. 2, ch. 11 (13 Ed. 1), and 1 Rich. 2, ch. 12,. are in force in this State; and, under these statutes, it was also held that if a sheriff permits a .debtor to escape, who is charged in execution for a certain sum, he thereby becomes liable upon his official bond to the execution creditor for the entire debt, notwithstanding the insolvency of the escaped debtor. Upon these points, the case cited has been fully approved and followed in our more recent decisions. *State, ex rel.,* v. *Mullen,* 50 Ind. 598; *Lakin* v. *State, ex rel.,* 89 Ind. 68; *Rooksby* v. *State, ex rel.,* 92 Ind. 71.

But, in the case in hand, a fact was found by the trial court which did not appear in any of our previous cases, and which, as we regard it, must exercise here, as manifestly it did below,. a controlling influence in the decision of this cause. The fact referred to is the re-arrest and recommitment of Lucas to the county jail, prior to the trial herein, to be there held in custody until the judgment of the relatrix against him was paid or replevied, as required by law and the terms of such judgment.

Upon the facts found, we are of opinion that the trial court did not err in its conclusions of law. *Lucas* v. *Hawkins,* 102 Ind. 64.

The judgment is affirmed, with costs.

Filed Nov. 5, 1886; petition for a rehearing overruled Jan. 14, 1887.