Filed May 28, 1888.

---

No. 13,273.

## THE STATE, EX REL. MAGGARD, v. CALDWELL ET AL.

BASTARDY.—*Judgment.*—*Escape of Defendant from Constable.*—*Subsequent Arrest.*—*Action Upon Officer's Bond.*—*Mitigation of Damages.*—A judgment against a bastardy defendant, who is not in custody, that he shall be committed to jail until the judgment in favor of the relatrix be paid or replevied, is authorized by section 986, R. S. 1881, and the fact that the defendant is subsequently arrested and committed to jail in pursuance of the judgment may be pleaded in mitigation of damages in an action by the relatrix upon the bond of a constable for allowing the defendant to escape from his custody, thus limiting the plaintiff's recovery to the damages actually sustained by reason of the escape.

SAME.—*Warrant.*—*Officer's Return.*—*Parol Contradiction.*—*Evidence.*—Where, in the action on the bond, the constable testifies, without objection from the plaintiff, to a state of facts showing that he had never arrested the bastardy defendant, it is not error to permit him to testify, in explanation of the apparent contradiction between his testimony and his return on the warrant, that his return showing the arrest and escape of the defendant was made in that manner at the request of the relatrix's attorney.

INSTRUCTION TO JURY.—*Reversal of Judgment.*—*Supreme Court.*—Where the merits of a cause have been fully and fairly tried, and a right conclusion has been reached, an erroneous instruction will not authorize the reversal of the judgment.

From the Scott Circuit Court.

*W. K. Marshall*, for appellant.

*C. L. Jewett* and *H. E. Jewett*, for appellees.

HOWK, J.—This was a suit by plaintiff's relatrix, Alice Maggard, against the defendants, upon the official bond of defendant Caldwell, as constable of Vienna township, in Scott county, Indiana, to recover damages for an alleged breach of his official duty.

In her complaint relatrix first alleged that at the April election, 1884, defendant Caldwell was duly elected a constable of said Vienna township for the term of two years thence next ensuing; that he and his co-defendants executed and acknowledged his official bond, now in suit, conditioned for the faithful and honest discharge of his official duties as such constable; and that he took and subscribed the official oath required by law, and entered upon the discharge of his official duties. As a breach of the condition of the bond in suit, relatrix averred that, in 1884, she filed her verified complaint before a justice of the peace of such township, charging therein that one Austin Wiggam was the father of her bastard child, of which she had been delivered; that thereupon a warrant was issued by such justice for the arrest of said Wiggam, and placed in the hands of defendant Caldwell, as such constable, in 1884; that, by virtue of such warrant, defendant Caldwell, as such constable, on the same day, arrested said Wiggam and had him in his custody under such warrant; but that, soon after such arrest and on the same day, defendant Caldwell, as such constable, " negligently, wilfully and carelessly " suffered said Wiggam to escape from his custody; that such defendant Caldwell thereupon returned said warrant to such justice, showing thereby the arrest and escape of said Wiggam ; that afterwards such justice proceeded with the trial of such suit in bastardy, and found and adjudged that said Austin Wiggam was the father of the bastard child of the relatrix herein; that such justice transmitted the papers in said bastardy suit without delay to the court below, where the cause was docketed, and, in the absence of said Wiggam, was tried and determined by the court, and relatrix herein recovered judgment in such suit

for the sum of $400 for the support of her bastard child, and the costs of suit taxed, etc., at the March term, 1885, of such court; that such judgment remained wholly unpaid; and that, by reason of the negligence and malfeasance of defendant Caldwell in suffering said Wiggam to escape as aforesaid, said judgment was wholly lost and uncollectible. Wherefore, etc.

Defendants Caldwell, Davis and Dismore, severing in their defence, jointly answered (1) by a general denial of the complaint, and (2) by a partial answer in mitigation of damages.

Defendants Cruson and Sierp, also severing in their defence, jointly answered in three paragraphs, of which the first was a general denial of the complaint, and the second and third paragraphs each stated special or affirmative matters by way of defence. Replies were filed by relatrix, putting the cause at issue. The issues joined were tried by a jury, and a verdict was returned for the defendants, and, over the motion of plaintiff's relatrix for a new trial, the court adjudged that she take nothing by her suit herein, and that defendants recover of her their costs taxed, etc.

In this court errors are assigned by plaintiff's relatrix which call in question (1) the overruling of her demurrer to the second paragraph of the joint answer of defendants Caldwell, Davis and Dismore, (2) the overruling of her demurrer to the third paragraph of the joint answer of defendants Cruson and Sierp, and (3) the overruling of her motion for a new trial herein.

We will consider these alleged errors in the order of their statement, and decide the questions thereby presented.

In the second paragraph of their joint answer, defendants Caldwell, Davis and Dismore, for a partial answer in mitigation of damages, alleged that after the arrest and escape of said Austin Wiggam, as stated in the complaint herein, the relatrix prosecuted her suit in bastardy against said Wiggam to final judgment in the court below; that at its March term, 1885, such court adjudged that relatrix herein, Alice Maggard,

should recover of said Wiggam the sum of $400 for the support of her bastard child, to be paid in four equal instalments of $100 each; that in such bastardy suit it was further adjudged by the court below that if said Wiggam should fail to pay or replevy said judgment, he should stand committed to the jail of Scott county. Said defendants averred that said Wiggam did not pay or procure replevin bail for the payment of the aforesaid judgment of $400, or any part thereof; and that because of his refusal so to do, and in pursuance of such judgment, the sheriff of Scott county committed said Wiggam to the jail of such county in execution of said judgment.

The court below committed no error, we think, in overruling the demurrer of relatrix to the foregoing paragraph of answer. If the facts stated in such paragraph are true, and, as they are well pleaded, the demurrer admits their truth, they constitute a good partial defence precisely to the extent they were pleaded, namely, in mitigation of the relatrix's damages.

If, in pursuance of the judgment which relatrix herein recovered in her bastardy suit, the judgment defendant, Wiggam, was committed to the jail of Scott county, it is very clear that she could recover nothing more in this suit than the damages she had actually sustained by reason of Wiggam's escape from the custody of defendant Caldwell, as constable, prior to the rendition of such judgment.

The case of *Patterson* v. *Pressley*, 70 Ind. 94, wherein it was held, substantially, that a judgment in a bastardy suit that the defendant be committed to the jail of the county until the judgment be paid or replevied, is without authority of law, if the defendant is not in custody at the time such judgment is rendered, is overruled in the later case of *Lucas* v. *Hawkins*, 102 Ind. 65.

In the case last cited it is said that the attention of this court was not called to section 986, R. S. 1881, in force since May 6th, 1853, in *Patterson* v. *Pressley*, *supra*, or a different

conclusion would have probably been reached. We do not doubt that the judgment recovered by the relatrix herein, whereof mention is made in her complaint in this action, that defendant Wiggam be committed to the jail of Scott county until he paid or replevied the relatrix's judgment against him, was fully authorized by the provisions of our statute regulating proceedings in bastardy. The facts stated by said defendants in the paragraph of answer we are now considering were sufficient, therefore, as a partial defence in mitigation of the damages which the relatrix was seeking to recover in this action. See *State, ex rel.,* v. *Newcomer,* 109 Ind. 243.

2. The third paragraph of the joint answer of defendants Cruson and Sierp was pleaded by them as a partial defence in mitigation of the damages which relatrix sought to recover in this action. In such paragraph of answer said defendants alleged, among other things, that, at its March term, 1885, the court below tried and determined such bastardy suit of the relatrix herein against said Austin Wiggam, in the absence of said Wiggam, and rendered judgment against him in favor of relatrix herein for $400, with interest and costs, and adjudged further that said Wiggam stand committed until he paid or replevied such judgment; that said Wiggam having failed to pay or replevy said judgment, a writ was duly issued by the clerk of the court below to the sheriff of Scott county, in pursuance of such judgment, for the arrest of said Wiggam and his commitment to the jail of such county; that, by virtue of such writ, said Wiggam was duly arrested and committed to the jail of such county until he should pay or replevy the aforesaid judgment; that no substantial right of relatrix herein was in any way lost, destroyed or impaired by any act of defendant Caldwell, as such constable, or of his co-defendants, as his sureties; that no damages had been sustained by relatrix herein on account of any action of defendant Caldwell, as such constable, or of his co-defendants, as his sureties. Wherefore, etc.

The difference between the averments of this third para-
graph of answer and those of the second paragraph of an-
swer, heretofore considered, is one of form and phraseology
rather than of substance or of facts pleaded.   What we
have said in considering the sufficiency of the second para-
graph of answer, seems to us to be equally applicable to the
third paragraph of answer.   The facts stated in such third
paragraph are abundantly sufficient, we think, to constitute
a good partial defence in mitigation of the damages which
relatrix has sued to recover in this action.   They show very
clearly that by the alleged escape of said Austin Wiggam
from the custody of defendant Caldwell, as constable, re-
latrix had sustained nothing more than nominal damages, as
Wiggam had been arrested and committed to the jail of the
county, in execution of her judgment.   This was the end
of the law so far as Wiggam's person was concerned, and
if he had never escaped from the custody of defendant Cald-
well, as constable, she could not have had any further or better
remedy against Wiggam's body than the answer shows she had
notwithstanding such escape.   The third paragraph of answer
was good for what it purported to be, a partial defence in
mitigation of damages.   The demurrer to such third para-
graph, therefore, was correctly overruled.   Section 986, *su-
pra; State, ex rel.,* v. *Newcomer, supra.*

3. Under the alleged error of the court below in over-
ruling the motion for a new trial, it is earnestly insisted in
argument by the learned counsel of relatrix that it was
error to admit evidence, offered by defendants, tending to
impeach and contradict the constable's return of the war-
rant issued for the arrest of said Wiggam, in the bastardy
suit of relatrix, and to show that defendant Caldwell, as
constable, had in fact never arrested said Wiggam.   It is no
doubt true, as a general rule, that the return of a constable
on a warrant in his hands, showing what he had done offi-
cially by virtue of such warrant, is binding and conclusive,
not only on such constable, but also, perhaps, on his sureties

. on his official bond, and can not be contradicted by parol evidence, except in an action against such constable for making a false return. *Lindley* v. *Kelley*, 42 Ind. 294; *Splahn* v. *Gillespie*, 48 Ind. 397; *Stockton* v. *Stockton*, 59 Ind. 574.

We are of opinion, however, notwithstanding this general rule, that relatrix is in no condition to complain of the admission of the evidence to which her counsel objects, in the cause now before us. The warrant issued to defendant Caldwell, as constable, for the arrest of said Wiggam, in the bastardy suit of relatrix, was issued by a justice of the peace of Scott county, and could be served only, so far as appears, within such county. It is shown by the record of this cause that, on the trial thereof, defendant Caldwell was a witness for defendants, and was permitted, without any objection from the relatrix, to testify substantially as follows: "I was the constable and had the warrant in the suit against Wiggam; I went over into Jennings county to arrest Wiggam, and had four other men with me; I put three of them on one side of the house, and one man on the other side, and I went into the house; there were three rooms in the house; Wiggam was in the middle room; I told Wiggam I had a warrant for his arrest, and to consider himself under arrest; Wiggam told me to get out; I told him I guessed not, but he said I would; he began to back out, but just before he got to the door I jumped between him and the door; he then went back, and the lights were put out and I could not see any one; I stepped out and called for a light, and after awhile one of the women got a light and I started to go in the house; just then the men hallooed that he was running away; I ran around the house and chased him part of the way."

Here defendants' counsel asked the witness the following question: State what directions and instructions Judge Trulock, who was plaintiff's attorney in the case before the

justice of the peace, gave you, or what he said to you about making out your return to this warrant?

To this question relatrix objected, on the ground that it was not competent for defendants, by parol evidence, to contradict, vary or control the constable's return on the warrant, because such return was conclusive as to the matters stated therein. The objection was overruled, and the witness answered, in substance, that he had made a statement of the facts about his efforts and failure to arrest Wiggam to Judge Trulock, the attorney of relatrix herein, who requested him to make his return, as he did, showing the arrest and escape of said Wiggam, so that the suit in bastardy might be prosecuted to final judgment. Manifestly, the evidence admitted over the objection of relatrix did not contradict, vary or control the constable's return, and was not, apparently, offered for any such purpose. By his previous testimony, admitted without any objection by or on behalf of relatrix, defendant Caldwell had flatly contradicted his return on the warrant, by showing that he had never in fact arrested Wiggam. Then, the question was propounded to him, to which relatrix objected. The obvious purpose of the question, as it seems to us, was to give the witness an opportunity to explain the apparent contradiction between his previous testimony on the trial of this cause and his return on said warrant. This he did by his answer to such question, and this he had the right to do. The court did not err in overruling the objection of relatrix to the question propounded to the witness.

Complaint is made on behalf of relatrix of the instructions of the court to the jury trying the cause. As we view this case, it is hardly necessary for us to set out or comment on any of these instructions.

The relatrix in her complaint has sued to recover damages for the breach of official duty by defendant Caldwell, as constable, in suffering the wilful or voluntary escape from his custody of said Wiggam, after he had been lawfully arrested on the warrant issued on the verified complaint in bastardy

of the relatrix herein. This was the theory of the complaint herein, and the theory upon which the issues were formed and submitted to the jury for trial, as is clearly shown in the record of this cause. Upon this theory the case must be considered and decided here. Conceding that the constable's return is conclusive as to the fact of Wiggam's arrest, yet the evidence wholly fails to show that defendant Caldwell, as constable, committed the breach of official duty wherewith he is charged in the complaint of relatrix herein, by suffering the wilful or voluntary escape of said Wiggam from his custody. On the theory upon which this cause was tried, there is no substantial error, we think, in any of the instructions given by the court, either of its own motion or at the request of defendants.

On the whole case, as presented by the record, it has seemed to us that the merits of the cause have been fully and fairly tried, and that a right conclusion has been reached in the verdict and judgment in favor of defendants. In such a case, it is settled by many of our decisions that an erroneous instruction, if there be any, will not authorize or require the reversal of the judgment. *Norris* v. *Casel*, 90 Ind. 143; *Ledford* v. *Ledford*, 95 Ind. 283; *Sanders* v. *Weelburg*, 107 Ind. 266; *State, ex rel.*, v. *Ruhlman*, 111 Ind. 17.

The motion for a new trial was correctly overruled.

The judgment is affirmed, with costs.

Filed May 28, 1888.