## New Albany Woolen Mills Company v. Senior, Administratrix.

[No. 7,973. Filed May 27, 1913.]

1. MASTER AND SERVANT.— *Injuries to Servant.— Complaint.— Sufficiency.—Scope of Employment.*—A complaint, in an action for the death of a servant, caused by a boiler explosion, alleging that the duties of decedent's employment required him to fire the boiler in question and that he was so engaged at the time of the explosion, is not open to the objection that it fails to disclose by direct allegations that decedent was acting in the line of his employment at the time he received the injury. p. 455.

2. APPEAL.—*Review.—Rendition of Judgment.—Motion for New Trial.*—The action of the trial court in rendering judgment on the verdict after a motion for new trial had been filed, and before overruling same, is not ground for reversal, where it appears that appellant did not object thereto on the ground that it desired to move in arrest of judgment, if the motion for a new trial were overruled. pp. 455, 456.

3. NEW TRIAL.—*Waiver.*—*Motion in Arrest of Judgment.*—A motion for a new trial is waived if it is preceded by a motion in arrest of judgment. p. 456.

4. JUDGMENT.—*Motion in Arrest of Judgment.*—A motion in arrest of judgment must be filed before the judgment is rendered. p. 456.

5. MASTER AND SERVANT.—*Injuries to Servant.*—*Verdict.*—*Evidence.* —In an action for the death of a servant in a boiler explosion, where, in addition to evidence establishing the fact of the explosion, the testimony of experts who examined the boiler after the explosion showed that where the rent in the boiler occurred the shell was much thinner than the remaining portion, that such thin place had probably existed for three to six months prior to the explosion, and that the same could have been discovered by a proper hammer test, the verdict for plaintiff cannot be disturbed on the ground that the evidence is insufficient to show either that the boiler was defective or that defendant knew or could have known of such defects. p. 457.

6. APPEAL.—*Review.*—*Conflicting Evidence.*—*Verdict.*—The verdict of a jury will not be set aside on appeal for want of evidence to sustain it in a case where the evidence is conflicting, or where there is not a total want of evidence to support it. p. 457.

7. EVIDENCE.—*Weight and Sufficiency.*—*Duty of Court.*—*New Trial.* —The weight of the evidence is for the jury, but if it makes a mistake where the evidence is conflicting the trial court should grant a new trial. p. 457.

8. APPEAL.—*Review.*—*Harmless Error.*—*Instructions.*—An instruction, although containing objectionable expression, will not work a reversal if it is such as not to mislead the jury. p. 458.

9. NEGLIGENCE.—*Burden of Proof.*—*Presumptions.*—The plaintiff in an action for personal injuries has the burden of proving a breach of duty on the part of the defendant, but there is no presumption that a defendant has discharged the duties imposed by law. p. 458.

From Clark Circuit Court; *Harry C. Montgomery,* Judge.

Action by Martha Senior, administratrix of the estate of Joseph Senior, deceased, against the New Albany Woolen Mills Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*M. Z. Stannard* and *Jonas G. Howard, Jr.,* for appellant. *Stotsenburg & Weathers, George H. Voigt* and *Paris & Trusty,* for appellee.

LAIRY, J.—Appellee recovered a judgment in the trial court against appellant for damages resulting from the death of Joseph Senior.   Senior was employed by appellant as night watchman at its factory and his death was caused by the explosion of a boiler located therein.   It is alleged that the duties of decedent under his employment required him to fire the boiler in question and that he was so engaged at the time of the explosion.   The theory of appellee is that the explosion was caused by reason of a defective condition of the boiler which was of such a character and had existed for such a length of time that it could have been discovered by appellant by the exercise of reasonable care in the inspection of the boiler.   Appellant's theory is that the boiler was not defective but that the explosion was caused by a lack of water in the boiler due to the negligence of the decedent.

The sufficiency of the complaint is challenged upon the ground that it fails to disclose by direct allegations that decedent was acting in the line of his employment at

1.   the time he received the injury which caused his death.   To sustain its contention, appellant relies upon the case of *South Bend, etc., Plow Co.* v. *Cissne* (1905), 35 Ind. App. 373, 74 N. E. 282.   In so far as this case tends to support the position of appellant, it has been overruled in the later case of *I. F. Force Handle Co.* v. *Hisey* (1913), 52 Ind. App. 235, 96 N. E. 643, 649.   The complaint under consideration is not subject to the objection pointed out, but under the later decision it is clearly sufficient in this respect.

After the verdict had been returned and after the defendant had filed its motion for a new trial, the plaintiff moved the court for a judgment in her favor on the verdict.

2.   The defendant in writing objected to the rendition of a judgment until after the court should rule upon its motion for a new trial.   This objection was overruled by the court and judgment was rendered on the verdict, to which ruling and action of the court the defendant excepted.

Appellant asserts that this action of the court constitutes reversible error. We do not. so regard it. Plaintiff was entitled to a judgment on the verdict at some time unless the motion for a new trial should be sustained. If the motion for a new trial had been sustained after the rendition of the judgment no harm would have resulted to appellant, as the judgment would have been thereby set aside. On the other hand appellant was not harmed by the subsequent overruling of the motion for a new trial, unless by the rendition of the judgment it was prevented from interposing a meritorious motion in arrest of judgment. It is well settled that a motion in arrest of judgment may not be filed before a motion for a new trial without waiving the latter motion. *Cincinnati, etc., R. Co.* v. *Case* (1890), 122 Ind. 310, 23 N. E. 797; *Kelley* v. *Bell* (1909), 172 Ind. 590, 88 N. E. 58. It is equally well settled that a motion in arrest of judgment must be filed before the judgment is rendered. *Brownlee* v. *Hare* (1878), 64 Ind. 311; *Blaemire* v. *Barnes* (1910), 173 Ind. 657, 91 N. E. 232. Appellant did not object to the rendition of the judgment upon the ground that it desired to file a motion in arrest after the ruling on its motion for a new trial and before the judgment should be entered; and it cannot complain that its objection, based upon the grounds stated therein, was overruled. The case of *New York, etc., R. Co.* v. *Doane* (1886), 105 Ind. 92, 4 N. E. 419, cited by appellant does not sustain its position. This case holds that judgment entered while a motion for a new trial is pending is not a final judgment within the meaning of the statute relating to appeals; that it becomes final only, when the motion for a new trial is overruled, and that the time within which an appeal is allowed must be computed from the date of the ruling on the motion for a new trial.

The overruling of appellant's motion for a new trial is assigned as error and several questions are presented for decision under this assignment. It is first urged that the

evidence is insufficient to sustain the verdict in that

5. there is a total lack of evidence to show, either that the boiler was defective or that the defendant had any notice or knowledge of such defects or could have obtained such knowledge by any practical mode of inspection. It is also claimed by appellant that the evidence shows without conflict that decedent was guilty of contributory negligence. Under the circumstances of this case, the mere fact that the boiler exploded would not be sufficient to justify an inference that it was defective and that the explosion resulted from such defects. If there were no evidence of a defective condition of the boiler other than the explosion, there would be a total failure of proof upon this point, but this is not the case. Two witnesses who were expert boilermakers testified that they examined the boiler a few days after the explosion, that they found a rent about 22 inches long in the shell, that where it separated it was as thin as a knife blade and that this thinness extended back two inches on each side of the opening. Another witness testified that the shell was 13/32 of an inch in thickness but for two inches back from the rent it was only 3/16 of an inch in thickness. The expert witnesses called by plaintiff further testified that the thin place which they discovered had probably existed for three to six months prior to the explosion and that it could have been discovered by a proper hammer test. It thus appears that there was some evidence to show a defective condition of the boiler, and that such condition might have been discovered by inspection. As to whether the explosion occurred on account of the negligence

6. of decedent in permitting the water in the boiler to get too low, the evidence is conflicting. The verdict of the jury will not be set aside on appeal for want of evidence to sustain it in a case where the evidence is conflicting or where there is evidence to support it however

7. slight. The weight of the evidence is for the jury. If it makes a mistake where the evidence is conflicting

the trial court should correct the mistake by granting a new trial.

8. Appellant finds objections to several of the instructions given by the court. We have examined these instructions in the light of the objections urged, and have reached the conclusion that the court committed no error in this regard. Instructions Nos. 18 and 19 are not happily worded. They both contain an objectionable expression, but when this expression is read in connection with the remaining part of these instructions, we do not think that the jury could have misunderstood the meaning of the court.

9. By instruction No. 18 tendered, appellant requested the court to instruct the jury to the effect that a presumption of the discharge of duty on the part of defendant attended it throughout the trial, and must be indulged in its favor until it was overcome by direct evidence. This is not a correct statement of the law. The burden rests upon the plaintiff to prove a breach of duty on the part of the defendant, but there is no presumption that a defendant has discharged the duties imposed by law. A similar question was recently discussed by the Supreme Court and the decision was adverse to the contention here made. *City of Indianapolis* v. *Keeley* (1906), 167 Ind. 516, 79 N. E. 499.

The court did not err in overruling appellant's motion for a new trial.

Judgment affirmed.

Note.—Reported in 101 N. E. 1025. See, also, under (1) 26 Cyc. 1384; (2) 2 Cyc. 703; (3) 29 Cyc. 725; (4) 23 Cyc. 833; (5) 26 Cyc. 1447, 1450; (6) 3 Cyc. 348; (7) 29 Cyc. 832; (8) 38 Cyc. 1809; (9) 29 Cyc. 589, 597. As to the duty of master to furnish safe means and appliances for servant to work with, see 92 Am. Dec. 213; 21 Am. Rep. 579; 33 Am. St. 766. As to burden of proof in action by servant for injuries arising from master's negligence, see note to *Brazil Block Coal Co.* v. *Gibson* (Ind.), 98 Am. St. 321. For a discussion of the doctrine of *res ipsa loquitur* as applicable to a boiler explosion, see Ann. Cas. 1912 A 980.