THE WESTERN & SOUTHERN INDEMNITY COMPANY
v. NEWMAN ET AL.

[No. 15, 263. Filed March 24, 1937. Rehearing denied June 16, 1937.]

*Robert D. Markel,* for appellant.

*Newman & Salm,* and *Philip Lutz, Jr.,* Attorney-General, for appellees.

KIME, J.—This is an appeal from a judgment rendered in favor of appellee in an action brought by them to recover for professional services and expenses rendered and incurred by them as attorneys in the investigation and defense of two certain claims and actions, defended by appellant as an insurance carrier. The complaint was in one paragraph and charged that the appellant by and through its agent, Louis E. Smith, retained and employed appellees to investigate a certain automobile accident for appellant, which had occurred in Boonville on or about September 7, 1933; that pursuant to said employment appellees spent a great deal of time and effort in investigating the accident, interviewing all persons involved therein and witnesses thereto and in attempting to compromise claims which might have grown out of said accident; that in the course of said investigation appellees expended money on behalf of appellant for the purpose of defraying traveling costs and other expenses necessarily incident to the investigation.

That two law suits, growing out of said accident, were filed in the Circuit Court of Warrick County and appellant by and through its agent, Smith, employed appellees to defend said actions. That pursuant to that employment appellees took all necessary steps towards the defense of said suits and represented the defendants therein until said suits were settled, at which time, pur-

suant to the request of appellant, appellees submitted their statement for services rendered in said investigation and in the defense of said actions at law and also for moneys expended for and on account of expense incurred, totaling $845.77; that said sum was a reasonable and just fee for the time and effort spent in such employment and that the expenses incurred on behalf of appellant were included in said sum; that all of said sum was long past due and no part thereof had been paid. Judgment was prayed for said sum plus interest and costs. To this complaint was attached an itemized statement of the services rendered and expenses incurred.

Appellant answered in general denial and the cause was submitted to a jury for trial. At the conclusion of all of the evidence and before argument the appellant filed its motion for a peremptory instruction, which motion was overruled and the appellant excepted.

The jury returned a verdict for appellees for $788.25 and judgment was rendered for said sum together with costs and interest at 6% per annum from December 7, 1933. Appellant's motion for new trial setting up thirteen grounds was overruled. This appeal followed and the error assigned is the overruling of said motion, the grounds of which properly presented here are: (1) error in the assessment of the amount of recovery in this, the amount is too large; (2) the verdict of the jury is not sustained by sufficient evidence; (3) the verdict of the jury is contrary to law; (4) error of the court in refusing to give the jury at the conclusion of all the evidence a peremptory instruction tendered by the appellant to return a verdict in its favor; and (5) error of the court in giving to the jury instruction numbered 5 of its own motion.

Appellant contends that the amount of recovery is erroneous in that it is too large for the reason that the

complaint proceeded upon the theory that it was an action upon an account made up of different items of service, each item of value to be proved by appellees and that, therefore, for any item not separately proved there could be no recovery. We have read the complaint herein and are of the opinion that it might be said to plead two theories, one of which is *quantum meruit* for the services therein alleged to have been performed and expenses incurred. During the trial certain hypothetical questions were propounded to various witnesses on *quantum meruit* by both appellant and appellees and such questions asked by appellant of its experts show that appellant defended on that theory. Appellant's requested instruction numbered 1 given by the court is based on *quantum meruit* which is further indication that the appellant had adopted that theory. We have read the evidence and find that it sustains the verdict as returned by the jury on that theory and that inasmuch as there was evidence to the effect that the services herein rendered were worth up to $1000.00 and the verdict and judgment is for $788.25 plus interest and costs which is less than the amount prayed for the amount of the judgment is not too large.

The verdict and judgment fail to disclose how much interest, if any, is included therein and, therefore, appellant's contention that the verdict is excessive and erroneous because of too much interest is without merit.

Appellant next complains that the verdict is not sustained by sufficient evidence, that it is contrary to law and that the court erred in refusing to give the jury, at the conclusion of all the evidence a peremptory instruction to return a verdict in its favor for the reason that under the pleadings and the evidence herein appellees are not entitled to recover, in that appellees failed to prove certain allegations of their

complaint; (1) that the one who employed them to perform the services herein sued on was the agent of appellant; (2) that the appellant retained and employed them to investigate; or (3) that appellant retained and employed them to defend certain actions. The evidence discloses that Smith, claim attorney for appellant, employed appellees to perform the services herein rendered and we find that there is sufficient evidence from which the jury could have found, as it evidently did by its general verdict that Smith as claim attorney for the appellant had the right to employ appellees to perform the services herein sued upon and that such employment was for and on behalf of the appellant.

Appellant next contends that the court erred in giving instruction numbered 5 to the jury on its own motion. This instruction, read together with all the other instructions given, correctly states the law and further the appellant requested and the court gave an instruction covering practically the same ideas, therefore, the giving of instruction numbered 5 was not erroneous.

Finding no reversible error the judgment herein is in all things affirmed.