## BAYMAN *v.* FARMERS MUTUAL FIRE INSURANCE ASSOCIATION OF WHITLEY CO.

[No. 27,010. Filed February 15, 1938.]

*Kissinger & Kissinger, Otto E. Grant,* and *Arthur Low,* for appellant.

*Whiteleather & Bloom,* for appellee.

SHAKE, J.—This is an attempt to appeal from an order of the Whitley Circuit Court dismissing the appellant's cause of action. The original order of dismissal entered by the court is as follows: "The plaintiff herein having failed to comply with the order of the Court made by letter dated June 29th, 1935, which provided for filing of amended pleadings on or before August 1st, 1935, this cause is now dismissed at the plaintiff's costs. . . . to which plaintiff at the time objected and excepted, and the plaintiff is given and granted 30 days in which to file all bills of exceptions."

Thereafter, the appellant filed a motion to vacate the order dismissing the cause and a petition to reinstate the same on the dockets of the court. A hearing was had and the court made a further order, which is the one here complained of, to wit: "Come again the parties and this cause is now submitted to the court on the matter of the petition of the plaintiff to vacate judgment of dismissal and to re-instate the cause of action; and the court now hears the argument of counsel and considers the counter affidavits filed by the defendant, and upon due consideration and *after hearing all the facts and evidence* the Court now overrules the plaintiff's motion to vacate judgment of dismissal and reinstate this cause. To which ruling of the Court the plaintiff excepts and objects." (Italics ours.)

This appeal followed and appellant assigns as error the action of the court below in dismissing the cause and in overruling his motion to set aside the dismissal and to reinstate the cause. The errors are separately assigned but they may be considered together for the purposes of this opinion. The record contains no bill of exceptions.

It is a settled rule of appellate procedure in this state that on appeal the record is conclusive and imports absolute verity. *Burton* v. *Ferguson* (1880), 69 Ind. 486; *Smith* v. *Gustin* (1907), 169 Ind. 42, 80 N. E. 959, 81 N. E. 722; *Whisler* v. *Whisler* (1903), 162 Ind. 136, 67 N. E. 984, 70 N. E. 152; *Bau* v. *Short et al.* (1928), 89 Ind. App. 17, 165 N. E. 560.

It will be noted that the order of the court appealed from affirmatively recites that appellant's motion to vacate the judgment of dismissal and reinstate the cause was denied upon due consideration, and *"after hearing all the facts and evidence."* We are bound by this recital in the record to conclude that the court did hear facts and evidence. Since the evidence is not before us, we cannot pass upon the question raised by this appeal.

The case of *Kurtz* v. *Phillips* (1916), 63 Ind. App. 79, 113 N. E. 1016, was one to set aside a default and judgment on the ground of inadvertence, surprise and excusable neglect. The motion was denied and an appeal prosecuted. The court in its opinion said (p. 85) : "There is nothing in the record by bill of exceptions or otherwise, to show upon what evidence the court based the ruling complained of. So far as the record discloses, the court may have treated the facts stated in the application or motion as sufficient to entitle the appellant to the relief asked but, on hearing the evidence, found that the facts were not correctly stated therein. As the record comes to us, no question is presented by the appeal."

In *Henry, Receiver* v. *Bevis* (1915), 184 Ind. 78, 110 N. E. 545, this court had before it for consideration a motion to reinstate a cause on the docket of the court below. The court said (p. 79) : "The record shows that the trial court upon sustaining the motion of appellee to reinstate the cause granted appellant ten days within which to file a bill of exceptions. No bill of exceptions was filed. The

record shows that appellee filed an affidavit in support of the motion and that an affidavit in opposition thereto was filed in behalf of appellant after which appellee filed a further affidavit. These affidavits are set out in the record but it does not appear that the ruling of the court was based upon the evidence contained in these affidavits and none other. Oral evidence may have been introduced which the court considered in connection with the affidavits in passing upon the motion to reinstate. This court cannot reverse a ruling of the trial court based upon a question of fact unless the record affirmatively shows that all of the evidence upon which such ruling is based is before this court. This does not appear from the transcript in this case by bill of exceptions or otherwise. The presumption in favor of the correctness of the ruling of the trial court requires an affirmance of the judgment."

Since the record presents no question for review, the judgment is affirmed.

Roll, C. J., absent.