CITY OF ELWOOD *v.* WILSON ET AL.

[No. 16,907.   Filed March 15, 1943.]

*Busby & Davisson,* of Anderson, for appellant.

*J. Edwin Smith,* of Gary, for appellees.

BLESSING, C. J.—The Board of Public Works and Safety of the City of Elwood, Indiana, dismissed appellees from their positions as police officers of said city. Appellees then appealed to the Madison Circuit Court. Said Madison Circuit Court, after hearing the evidence, entered a judgment ordering the Board of Public Works and Safety to reinstate each of the appellees to his position as a police officer. After a motion for new trial was filed and overruled, the appellant city prosecuted this appeal.

Appellant relies upon the following assigned errors for reversal:

(1) The court erred in denying appellant's request or petition for a trial by jury.

(2) The court erred in overruling appellant's motion for a rehearing or new trial.

(3) The judgment appealed from is clearly against the weight of the evidence and is not fairly supported by the evidence.

(4) The judgment appealed from is contrary to law.

The first assigned error, which was expressly waived by appellant in his brief, is not a proper separate assignment of error. It should be assigned under a motion for new trial. Neither are the third and fourth assignments of error proper assignments. *Partlow* v. *Mitchell* (1919), 69 Ind. App. 505; 122 N. E. 340. This leaves only the error predicated on the overruling of the motion for new trial to be considered by the court. However, the motion for new trial is not set out in appellant's brief.

If the motion for new trial had been set out in the brief, the specifications thereunder would have required a consideration of the evidence, and the bill of exceptions containing the evidence is not in the record. The transcript does not show that

the bill of exceptions was filed in the clerk's office either by an order book entry or by the certificate of the clerk. The transcript must show that the bill of exceptions was filed in the clerk's office or it is not part of the record. *Harker* v. *Eisenhut* (1937), 212 Ind. 67, 6 N. E. (2d) 936; *Satterblom* v. *Wasson* (1942), 111 Ind. App. 377, 41 N. E. (2d) 674.

The former ruling of the court on appellee's motion to dismiss the appeal is now reconsidered, and, it appearing that the record is insufficient to present any question for review, the judgment of the lower court is hereby affirmed.

NOTE.—Reported in 47 N. E. (2d) 165.