## KOENEMAN *v.* ALDRIDGE.

[No. 18,457. Filed October 29, 1954. Rehearing denied December 7, 1954. Transfer denied January 17, 1955.]

178

*Robert D. Markel* and *Clifton L. Markel,* of Evansville, for appellant.

*Leslie H. Hendrickson,* of Boonville, *Wilbur Dassel* and *Nat H. Youngblood,* of *Youngblood, McCray & Clark,* both of Evansville, for appellee.

KENDALL, J.—This was an action for damages for personal injuries instituted by the appellant January 11, 1951. On November 10, 1952, appellee filed a coun-

terclaim for damages for personal injuries sustained in the same collision on State Highway 62, east of Evansville, Indiana. Prior to appellant filing this action, appellee, on March 5, 1951, filed an action against the appellant for damages for personal injuries growing out of the same accident for which appellant filed this action, which action was still pending in another court when appellant filed the present action and continued pending until December 20, 1952. The appellant objected to the court granting appellee permission to file his counterclaim, which objection was overruled, and thereafter filed answer in abatement alleging the pendency of another action between the same parties and growing out of the same accident. The record by which this court is bound shows that appellee filed a reply alleging that said other action had been previously dismissed on that date. Trial was had on the issue of abatement resulting in a finding and judgment against appellant, whereupon appellant filed answer in bar.

Appellant's complaint is based upon the theory that both cars involved were traveling west on State Highway No. 62, approaching a bridge; that the appellant's car was in front of appellee's car; that appellee was guilty of negligence in driving the right front of his car into the left rear part of appellant's car; that appellee drove at an excessive rate of speed, failing to give signals and have his car under control. The theory of appellee's counterclaim was that he was traveling westwardly on said highway, and, while so doing, he pulled over to the left side of the road to pass a convertible automobile which was trailing appellant's car; that after they had reached the convertible, the appellant, without giving any signal or warning, pulled out in front of appellee's car to the left far enough to

hook appellee's right front corner with the left rear corner of appellant's car, causing damage complained of.

The appellant was the only witness who testified that he did not cross the center line. Four witnesses contradicted that particular portion of the evidence. Interrogatories were answered by the jury to the effect that appellee's car passed another car on the left just prior to the collision; that the car trailing appellant's car was approximately fifty feet behind; that appellee's car was going forty-five to fifty miles per hour, and appellant was traveling thirty-five to forty miles per hour.

Trial by jury resulting in a judgment in favor of appellee on his counterclaim in the sum of Ten Thousand ($10,000.00) Dollars. General motion for new trial alleged errors of court in permitting the filing of the counterclaim of appellant, error in overruling objections of appellant to the filing of counterclaim; that the verdict of the jury is not sustained by sufficient evidence and is contrary to law, excessive damages, error of law in giving appellee's tendered instructions one to thirteen, inclusive, error in refusing to give appellant's tendered instructions seven, eleven, twelve and fourteen, error in refusing to permit a witness for appellant to answer questions regarding conversation she heard in hospital some one-half hour after the occurrence of the accident.

Appellant's motion for new trial on the answer in abatement alleged error of court in overruling his objection to the filing of appellee's counterclaim on November 10, 1952; that the decision is not sustained by sufficient evidence and is contrary to law.

Assignment of errors are, (1) That the trial court erred in overruling the objection of appellant to the filing of the counterclaim; (2) Error in permitting

appellee to file his counterclaim; (3) Error in over-ruling motion for new trial on the issue in abatement formed by appellant's answer in abatement to appellee's counterclaim; (4) Trial court erred in overruling general motion of appellant for new trial.

The record of the court proceedings on November 10, 1952, is as follows:

"... and defendant and counterclaimant, Quinton D. Aldridge, now files his reply to said answer in abatement showing the dismissal of the Cause No. 2905 in the Posey Circuit Court set forth and alleged in said answer in abatement. And now by agreement is submitted to the court for trial and finding and now, pursuant to agreement of the parties, the court finds that said action in the Posey Circuit Court was dismissed on this date but after the filing of said answer in abatement herein ..."

The appellant argues that no reply was ever filed, is not in the files, not in the transcript, except in the order of the court. It is apparent that the appellant has sought to contradict the record of the court by attaching certain affidavits to his motion for new trial. This does not suffice. The court record itself imports absolute verity for the matters which are properly within the intrinsic record. *Bayman* v. *Farmers Mutual Fire Ins. Assn.* (1937), 213 Ind. 389, 12 N. E. 2d 945; *Evansville White Swan Laundry* v. *Goodman* (1949), 228 Ind. 253, 91 N. E. 2d 180. It is a rule of law that the record may not be contradicted by affidavits in the motion for new trial or otherwise. *Satterblom* v. *Wasson* (1942), 111 Ind. App. 377, 41 N. E. 2d 674. If the reply was not to be found among the files for purposes of putting in the transcript, the appellant's relief was with the trial court and not this court. *State ex rel. Hall, Trustee* v. *McGill et al.* (1895), 12 Ind. App. 665, 40 N. E. 1115; *Wall* v. *Wilson* (1952),

231 Ind. 207, 105 N. E. 2d 343. The appellant does not contend that he applied in due time for a writ of certiorari which is the proper procedure to correct alleged defects or to complete an incomplete transcript. Indiana Trial and Appellate Practice, Flanagan, Wiltrout and Hamilton, §2604. It is therefore apparent that a trial was duly had on the issue raised by appellant's answer in abatement.

The appellant's motion for new trial on the answer in abatement alleges that the decision is not sustained by sufficient evidence and is contrary to law; ■ also newly discovered evidence. We have searched the record and fail to find the bill of exceptions containing the evidence heard by the court on the issues raised. The rule has long been that where there is no bill of exceptions containing the evidence or the bill is not made a part of the record, questions depending upon the evidence cannot be considered. *Johnson* v. *State* (1954), 233 Ind. 276, 119 N. E. 2d 717; *Watson, Admx.* v. *Vanosdal, Rec.* (1938), 215 Ind. 149, 19 N. E. 2d 269; *City of Elwood* v. *Wilson* (1942), 113 Ind. App. 149, 47 N. E. 2d 165.

Appellant has therefore waived the alleged error relating to the issues raised by the answer in abatement in reply thereto by failure to incorporate a bill of exceptions containing evidence in the record.

Appellant filed affidavit with new trial motion of newly-discovered evidence being that of the picture of the convertible automobile at or near the scene ■ of accident. Generally, such motions are looked upon with disfavor. To grant a new trial on such grounds of newly-discovered evidence not only must due diligence preceding the trial be shown but the evidence must be of such a character as to raise a reasonable presumption that a different result would

have been reached if the newly-sought evidence had been introduced at the trial. There is nothing in the motion before the court upon which we could base a presumption that a different result would have been reached by the jury. The granting of motion for new trial on grounds of newly-discovered evidence is within the trial court's discretion, the exercise of which will not be disturbed except for abuse of discretion. *Bartley* v. *Chicago & E. I. Ry. Co.* (1942), 220 Ind. 354, 41 N. E. 2d 805. Since the affidavit is devoid of facts except conclusions showing due diligence and that such evidence is merely cumulative, the trial court did not abuse its discretion.

Notwithstanding, however, appellant's waiver, the trial court did not err in overruling appellant's plea in abatement. The defense of another action pending applies generally and only when the plaintiff in both suits is the same person and not to a case where the plaintiff in one files a counterclaim. *Chapman* v. *Lambert* (1911), 176 Ind. 461, 96 N. E. 459; *Smith* v. *Blatchford* (1850), 2 Ind. 184. It is a general rule that a ruling upon the plea of abatement is within the sound discretion of the trial court. With the facts presented, we cannot say that the trial court erred in overruling appellant's plea in abatement.

Causes three and four of motion for new trial were based upon the insufficiency of the evidence and being contrary to law. No reference was made in appellant's brief to the transcript page or bill of exceptions containing the evidence wherein the evidence is insufficient which is required by Rule 2-17(d) of the Supreme Court. Notwithstanding, we have searched the record as to the testimony of the witnesses as to the location of the cars at the time of the impact, the proximity

of appellee's car to the convertible following the appellant, together with the answers to the interrogatories submitted to the jury, and, in our opinion, there was ample evidence to sustain the jury's verdict and that it is not contrary to law.

Each of appellant's tendered instructions, seven, eleven, twelve and fourteen, which were refused by the court, quoted certain sections of traffic laws and then proceeded to instruct the jury that violation of that law by the appellee constituted negligence. In lieu of instructions eleven, twelve and fourteen, the court gave appellant's instructions fifteen, sixteen and seventeen which were similar in many respects to those refused of appellant's with the exception that in the instructions given the court instructed the jury that if appellee violated the laws quoted, such violation constituted prima facie evidence of negligence. If the trial court erred in refusing instructions seven, eleven and fourteen, the appellant invited such error by tendering three more instructions regarding the same issue. *Riechmann* v. *Reasner* (1943), 221 Ind. 628, 51 N. E. 2d 10.

Appellant's tendered instruction number eleven dealt with the section of the statute dealing with one car following another. We find no evidence that the appellee actually followed or trailed appellant's car. The jury said that the convertible automobile was between the parties' cars herein. The general rule is that if there is no evidence on an issue to support an instruction either direct or by inference, it is not applicable and should not be given. *Public Service Co.* v. *DeArk* (1950), 120 Ind. App. 353, 92 N. E. 2d 723. Instructions eleven, twelve and fourteen were mandatory to find for the appellant if the jury found that the defendant violated certain statutes.

In this case there were other acts of negligence charged which appellant had the burden of proving before being entitled to recover. In giving a mandatory instruction, it is the general rule that all facts necessary for recovery must be stated. From all the instructions given upon this issue, we do not believe that the appellant has been harmed by the court's refusal to give the instructions complained of.

Appellant complains that the court erred in refusing to permit one Virginia Koeneman, a daughter-in-law of the appellant, to answer certain questions regarding conversations heard by her one-half hour after the accident within the hospital hall. The evidence disclosed that there were two men on hospital cots who, at the time she heard the conversation, were not known by name to her. The witness stated that she heard someone say that it wasn't the old man's fault, which was stricken from the record upon motion of appellee on the ground that appellee could not be bound by such a statement until it could be shown that the appellant was present and being specific as to who actually made the statement, whether defendant heard such statement or was capable of understanding it in view of injuries. The witness had stated that the two men she saw were presumed by her to be the appellee and one Buickel, a passenger in appellee's car.

The final question propounded to the witness was, "Mrs. Koeneman: Can you tell whether or not the statement that you referred to was made by the defendant Aldridge there?" and she replied, "No." Without a proper foundation being laid to establish a statement against interest, we do not believe that the rules of evidence have been so liberalized as to permit a defendant to be bound by the testimony of a witness when the witness does not know

the party who is making the statement, does not know whether the defendant heard it made, or is capable of hearing under the circumstances. No error was thus committed in the court's refusal to permit the witness to testify. Notwithstanding, however, the question is not properly presented to this court. The appellant failed in his motion for new trial to set out in full or in substance the questions asked and the objections made. Failure to do so presents no question to this court on appeal.

Appellant argues that the damages are excessive. Considering appellee's age of twenty-five years, his earning power, the loss of wages for a long period of time in which he was incapacitated, hospital and doctor bills, the fracture of the right femur half-way between the hip and the knee, multiple concussions, shortening of one of his legs, we cannot say that the jury acted upon prejudice and passion. In our opinion, there is ample evidence to sustain the verdict of the jury in the assessment of damages. *N. Y. Central Ry. Co.* v. *Milhiser* (1952), 231 Ind. 180, 106 N. E. 2d 453.

Appellant contends that the court erred in giving appellee's tendered instructions one to thirteen, inclusive. He only discusses instructions one, two, three, four and eight thereof. The remainder are waived. He argues that instruction number one is confusing and that it seeks to cover the issues formed by the complaint and counterclaim and that the element of proximate cause or proximate result is left out. The instruction reads as follows:

"Before the plaintiff Koeneman is entitled to recover in this action, he must establish by a fair preponderance of the evidence that the defendant Aldridge committed one or more of the acts of negligence charged in his complaint and that such

act or acts were the proximate cause of the accident; if you do find that the defendant Aldridge was guilty of some act of negligence as charged but that the plaintiff too was guilty of negligence which contributed to his injuries, whether said evidence is shown by the plaintiff or defendant, then he cannot recover and the verdict should be for the defendant under plaintiff's complaint."

In view of the issues formed, the evidence applicable thereto, and, in consideration of other instructions given, we do not deem the giving thereof error.

In reference to instruction number two, the record does not disclose objection being made to the trial court before argument and pursuant to Rule 1-7 of the Supreme Court, and it is therefore waived.

Appellee's tendered instruction number three is as follows:

"Before the defendant Aldridge could be charged with violating a State law by passing another vehicle on the left, there must be some evidence that at the place where he undertook to pass the Koeneman car, his vision ahead was obstructed for a distance of less than five hundred feet ahead by reason of a slope or a curve."

We construe this instruction as being limited to that portion of the statute which defines reckless driving, to-wit: §47-2001, sub-section c-2, Burns' 1952 Replacement. The instruction referred to "a" state law and not "any" state law. It appears that by other instructions the jury was fully instructed as to the various statutes having to do with the regulation and conduct of a passing car to the left of another vehicle going in the same direction.

Appellant's own tendered and given instructions thirteen and seventeen in themselves advise the jury of certain statutes dealing therewith, to-wit: §§47-2012(a) and 47-2015(a2), which provided, among other

things: ". . . The driver of a vehicle overtaking another vehicle proceeding in the same direction shall pass to the left thereof at a safe distance and shall not again drive to the right side of the roadway until safely cleared of the overtaken vehicle," and ". . . No vehicle shall, at any time, be driven to the left side of the roadway under the following conditions: . . . 2. When approaching within 100′ of, or traversing any intersection . . . ."

If appellee's given instruction three was harmful in itself, we believe the giving thereof was harmless in view of appellant's tendered and given instructions thirteen and seventeen.

Appellee's tendered and given instruction four is as follows:

"There has been some evidence introduced in this case that a yellow line had been painted on the highway for some distance east of the culvert by an employee of the State Highway Department prior to the date of the accident in this case; this is not sufficient to require a motorist to refrain from passing over this line in passing another vehicle, unless it is shown that this yellow line placed on the inside of the center line from which such motorist was traveling before crossing it; and also this would not be sufficient unless there is further evidence that such yellow line was placed there by order and direction of the State Highway Commission after they had determined by an engineering and traffic investigation that these portions were especially hazardous."

Appellant's objection thereto is that it is contrary to statute (§47-2238, Burns' 1952 Replacement) which makes all markings on State Highways prima facie evidence and that they are so placed by proper authority.

The appellant tendered his own instruction ten which was given by the court and instructed the jury on the

same issue regarding markings on highways, and, after quoting from the above statute, proceeded to instruct the jury as follows:

"If you find from all the evidence in the cause that Indiana State Highway No. 62 at the place where the plaintiff, Edward D. Koeneman, and the defendant, Quinton D. Aldridge, collided, was marked by the State Highway Commission by a yellow line next to the center line of said highway, thereby establishing a no-passing zone and prohibiting passing at that point, and you further find that said marks were clearly visible at said time and place to an ordinarily observant person, then you may and should consider whether the defendant, Quinton D. Aldridge, did attempt to overtake and pass the plaintiff at a place where it was impossible for the said Quinton D. Aldridge to return to his own right side of the highway before entering such no-passing zone, and all of the other facts and circumstances in determining whether the said Quinton D. Aldridge was negligent."

Appellant's own witness testified to the placing of the yellow markings on the highway and then proceeded to introduce an exhibit by way of a picture into evidence which failed to disclose any such markings on the inside of the center line thereof. If appellant is correct in his contention that appellee's instruction four constituted error, then it was an invited error by the appellant tendering instruction ten. The jury was fully instructed on this issue, and, in view of the evidence submitted, we cannot say that the jury was misled by the giving of said instruction now complained of. Even though there might have been some objectionable term expressed in appellee's instruction four, it is a rule that that fact will not ordinarily work a reversal if it is such as to not mislead the jury. *New Albany, etc. Mills Co.* v. *Senior* (1913), 53 Ind. App. 453, 101 N. E. 1025. It has been held that re-

versible error does not necessarily follow because a single instruction independently of all others appears to be erroneous since all instructions given to the jury must be considered together, and that after so considering them, the record affirmatively shows that the challenged instruction, although incorrect, could not have misled the jury, and, therefore, is regarded harmless. *Prudential Ins. Co.* v. *Thatcher* (1936), 104 Ind. App. 14, 4 N. E. 2d 574.

It is a general rule that where an offending instruction, when read together with all the other instructions given, correctly stated the law and where further the complaining party requested and the court gave an instruction covering practically the same ideas, that the giving of the offending instruction was not error. *Western & Southern Ind. Indem. Co.* v. *Newman* (1937), 103 Ind. App. 544, 7 N. E. 2d 64.

From the record it appears that the merits of the cause were fairly tried, a just conclusion reached and determined in the court below, and, having been done, the judgment will not be reversed although one or more of the instructions complained of may, in themselves, be erroneous. *Daniels et al.* v. *McGinnis, Administrator* (1884), 97 Ind. 549.; *The State ex rel. Maggard* v. *Caldwell et al.* (1888), 115 Ind. 6, 17 N. E. 185; *Kraning* v. *Bloxson* (1937), 103 Ind. App. 660, 5 N. E. 2d 649, 9 N. E. 2d 107.

Appellee's instruction eight, which the appellant objects to, reads as follows:

"If you find from a fair preponderance of the evidence that the plaintiff Koeneman was guilty of any act of negligence which contributed to his injuries, then he cannot recover from the defendant Aldridge on his complaint."

Appellant argues that the question of proximate cause is omitted therefrom. By the giving thereof, the

jury was instructed that if the appellant was guilty of any act of negligence which contributed to the injuries, then he could not recover. The jury was properly instructed as to the proximate cause by other instructions and no harm was done by the use of the word "contributed." The failure to use the word "proximate" does not constitute error if other word, or words, are used which excluded the idea of a remote, indirect or insignificant casual connection between the negligence and the extent thereof. Generally, it is a rule that to defeat the right of recovery it is not necessary that the negligent act of the plaintiff should be the sole proximate cause. *Cousins* v. *Glassburn* (1940), 216 Ind. 431, 24 N. E. 2d 1013.

We have examined each of the assignment of errors presented and the general motion for new trial and the motion for new trial on plea in abatement, and, finding no error, judgment affirmed.

Royse, J., not participating.

Achor, J., dissents with opinion.

### DISSENTING OPINION

ACHOR, J.—Appellee's instructions numbered 3 and 4 were clearly erroneous and misleading.

I find nothing in instruction numbered 3 which limits its application to §47-2001, sub-section c-2, Burns' 1952 Replacement. Under this instruction the jury was charged that "before . . . Aldridge could be charged with the violation of *a State law* by passing another vehicle on the left, there must be some evidence that at the place where he (appellee) undertook to pass the Koeneman car, his vision ahead was obstructed for a distance of less than five hundred feet by reason of a slope or a curve." The instruction erroneously excluded the possibility of negligence in violation of §47-2016, Burns' 1952 Replacement, except under the

limited conditions specified. Section 47-2016, *supra,* reads as follows:

"The state highway commission is hereby authorized to determine by an engineering and traffic investigation those portions of any highway where overtaking and passing or driving to the left of the roadway would be especially hazardous and may, by appropriate signs, or marks on the roadway, indicate the beginning and end of such zones and when such signs or markings are in place and clearly visible to an ordinarily observant person, *every driver of a vehicle shall obey the directions thereof.*" (Our emphasis.)

Appellee's instruction numbered 4 was erroneous and misleading in that it instructed the jury that before appellee could be charged with negligence in crossing a yellow line painted on the highway by the State Highway Department, *it must also be established "that such yellow line was placed there by order and direction of the State Highway Commission after they had determined by an engineering and traffic investigation that these portions were especially hazardous."* That part of the instruction is in direct conflict with §47-2238, Burns' 1952 Replacement, which makes all markings on State highways *prima facie* evidence and that they are so placed by proper authority.

I find nothing in appellant's instruction numbered 10 which invited the error.

Under the evidence, appellee's instructions 3 and 4 had the effect of completely removing from the jury any consideration of negligence on the part of appellee by reason of his crossing a yellow line in his attempt to pass the appellant and the car between them. Under the circumstances, we cannot say that the error of the instructions was harmless.

NOTE.—Reported in 122 N. E. 2d 345.