### SHANNON *v.* PORTER.

[No. 20,243. Filed June 21, 1965. Rehearing denied July 27, 1965. Transfer denied January 31, 1966.]

*H. Hanley Hammel, Jr.*, of Lafayette, for appellant.

*Cope J. Hanley, Thomas Dumas* and *John E. Hopkins*, of Rensselaer, for appellee.

PER CURIAM.—This case originated when the Jasper County, Indiana, Committee for School Reorganization organized and submitted a plan for the consolidation and reorganization of the schools in Jasper County, Indiana, pursuant to the 1959 Acts of the Indiana General Assembly, ch. 202, § 5. Milroy Township is located in Jasper County. Some of the residents of that township decided that they did not desire to become a part of the plan as proposed by the Committee. By authority of the 1961 Acts of the General Assembly, ch. 231, § 1, certain residents and voters of Milroy Township submitted a petition to the Committee on April 6, 1961, asking that a certain described part of Milroy Township not be included in the Jasper County Plan and that they be released to join the White County Committee Plan.

The petitioners asked to disassociate themselves from the Jasper County Plan by virtue of the statute as found in Burns' 1962 Supp., § 28-6106.

". . . Provided further, That before a plan is voted in and when sixty per cent (60%) or more of the registered voters of any township, city or town adjacent to another county, petition their county committee requesting that all or part of their particular township, city or town be included in the reorganization plan of an adjacent county, the county committee so petitioned shall release that part of the township, city or town so designated to the county committee named in the petition, which county committee shall in turn include said released territory in the reorganization plan for their particular county. Such petition and request must be filed with the county committee prior to the time a final plan is submitted to the State Commission or before a second or subsequent plan is submitted following rejection of the initial plan.

"Within five (5) days after the receipt of such petition, the county committee shall file such petition with the clerk of the circuit court. After receipt of the petition, the clerk shall make a certification under his hand and seal of his office as to (i) whether or not each signer thereon is a registered voter residing within the boundaries of the particular township, city or town, as disclosed by the voter registration records in the office of the clerk or the board of registration of the county, or wherever such registration records may be kept, (ii) the number of such registered voters signing the petition, and (iii) the number of registered voters residing within the boundaries of the particular township, city or town, as disclosed in the records mentioned in subdivision (i) hereof.

"Such certification shall be made by the clerk within thirty (30) days after the filing of the petition, excluding from the calculation of such period any time during which the registration records are unavailable to the clerk, or within such additional time as is reasonably necessary to permit the clerk to make such certification. The clerk shall establish a record of his certification in his office and shall return the petition together with his certification to the county committee. If the certification or certifications received from the clerk disclose that sixty per cent (60%) or more of the registered voters residing within the boundaries of the township, city or town, have signed the petition, the county committee shall so inform the neighboring county committee involved."

The record shows the following facts and actions:

On April 6, 1961, the petition to be eliminated from the plan was submitted to the Jasper County Committee, which said petition contained eighty-three (83) names of registered voters, being more than 60% of the registered voters in said township.

On April 11, 1961, the Committee filed said petition with the Clerk of Jasper Circuit Court for his certification.

On May 18, 1961, the certification of the clerk, dated April 20, 1961, was presented at a meeting of the Committee.

The Certificate read as follows:

"I, William M. May, Clerk of Jasper County, Indiana, hereby certify pursuant to Indiana Acts of 1961 that the attached 'Petition and Request of Registered Voters' in two counterparts, heretofore filed with me by the Jasper County Committee for the Reorganization of School Corporations on the 6th day of April, 1961, had been examined by me and me (we) compared with the voter registration records of Jasper County, Indiana, in my office and that from such examination I find as follows:

"(1)    Each signer on said petition is a registered voter residing within the boundaries of Milroy Township, Jasper County, Indiana, as disclosed by said voter registration records;

"(2)    Eighty-three (83) registered voters have signed said petition;

"(3)    Upon written request by (24) signers of the petition (24) names were deleted from the petition by the Jasper County Committee for the Reorganization of School Corporations leaving (59) names on the petition.

"(4)    Said voter registration records disclose that there are 117 registered voters residing within the boundaries of Milroy Township, Jasper County, Indiana.

"IN WITNESS WHEREOF, I have hereunto set my hand and affixed the official seal of said Court in my office in the Court House in the City of Rensselaer, Indiana, this 20th day of April, 1961.

"s/*William M. May*

"Clerk of Jasper Circuit Court."

The plan was submitted to and approved by the State Commission.

An election was ordered by the court and held on November 3, 1961, upon the plan for reorganization of the schools and a majority of the votes cast therein favored the formation of a school corporation to be known as the "Rensselaer Central Schools." After the election the school corporation was organized, effective January 1, 1962, and was placed in operation.

The appellant herein filed his complaint on October 30, 1961, asking that the members of the Jasper County Committee for the Reorganization of School Corporations of the State of Indiana be restrained from proceeding with any plans for the formation and operation of the reorganization school plan. The principal allegation of the complaint was that the petition of the residents of Milroy Township not to be included in the plan, had been illegally tampered with and that certain names had been removed from the petition in an unlawful manner.

A Supplemental Complaint, Paragraph II, was filed on November 17, 1961, in which additional defendants were named, they being members of the board of school trustees appointed after the election had been held.

A Supplemental Complaint, Paragraph III, was filed on January 9, 1962, in which it was alleged that the Rensselaer Central Schools Corporation had been organized since January 1, 1962, and asked that additional defendants, the new board of school trustees, be made parties.

Trial was held by the Court on the 19th and 20th of March, 1964, and the judgment of the Court was as follows:

"It is therefore ordered adjudged, and decreed that the plaintiff recover nothing by each paragraph of his complaint; that the injunction as sought in each paragraph of complaint be and the same is hereby denied; and that the defendants herein recover of and from the plaintiff the costs of this action taxed at $————.

On April 17, 1964, the plaintiff-appellant filed his Motion for a New Trial which was overruled and this appeal followed.

In substance, the motion for new trial contains the following specifications:

I.   The decision of the court is contrary to law.

II.  Error of law occurring at the trial.

III. Because of newly discovered evidence material to the case of the plaintiff.

IV.  Because of the ruling of the court permitting the filing of defendant's counter-affidavit over the objection of the plaintiff after the expiration of time for such filing under the rules of the court.

The argument portion of appellant's brief discusses various actions of the re-organization committee in such manner that each alleged error set out in the Motion for a New Trial cannot be intelligently treated separately. It is a series of arguments and reasons why the local plan committee acted illegally in removing certain names from the petition to eliminate Milroy Township from the proposed school reorganization plan. The entire appeal seems to center around that particular development and the actions in connection with the disposition of the petition.

In order to consider this matter on the merits of the case we will consider the events and evidence touching upon the petition to be disassociated with the plan, as filed by the citizens of Milroy Township; and the subsequent withdrawal of names which appeared on the original petition.

The meeting of the re-organization Committee was held on April 6, 1961. The following testimony in narrative form serves to give a comprehensive review of the matters discussed and dispositions made at this meeting:

*Daniel Clark* testified that the original petition contained 83 names of the registered voters of Milroy Township. That he saw the petition on April 11, 1961, in the office of the County Superintendent and that 24 names had been removed.

*William M. May* testified that he was the Clerk of the Jasper Circuit Court on April 11, 1961, when the petition was filed. That when he received the petition there were 83 signers and 24 deletions, leaving 59 names on the petition. That he certified that there were 59 names on the petition and that there were 117 registered voters in Milroy Township.

*Floyd Overholzer* testified that he was a member of the Reorganization Committee on April 6, 1961, when the meeting of the Committee was held. He stated that a petition was presented at the meeting signed by certain citizens of Milroy Township asking that Milroy Township not be included in the County Reorganization Plan. During the meeting 15 or 18 persons asked that their names be withdrawn. Later, that 6 or 7 others withdrew. That the County Committee gave him and Mr. Baker authority to delete the names from the petition.

*Leo Baker* stated that he was County Superintendent on April 6, 1961, and that he was present at the open meeting on that date. That several signers of the petition asked to have their names withdrawn and that the petition was held for 5 days to allow other signers to withdraw if they so desired. That on April 11, 1961, he and Mr. Overholzer struck out the names and then went to the Clerk's Office to file the petition and withdrawal slips.

Appellant's Specification I asserts that the decision of the trial court is contrary to law. The question involved is the right to withdraw from the petition. We find nothing to indicate that the decision of the court was contrary to law. The six points under Specification I are all matters which refer to technical aspects of the meeting held on April 6, 1961, and seek to set out illegal acts of the Committee. We have reviewed the evidence and have set out herein the pertinent parts which bear upon the matters embraced in appellant's six points. We find no illegalities or acts which are contrary to law. The persons who withdrew their names did so voluntarily and openly according to the record that this court has before it. *Hooten* v. *Alt* (1963), 244 Ind. 93, 191 N. E. 2d 13.

Specification II is "error of law occurring at the trial."

This is an indefinite assignment and this court cannot search for errors that are not specified. Moreover, the matters set out here are simply extensions and elaborations of matters disposed of under the first specification.

Specification III asserts that there is newly discovered evidence material to the case. An affidavit of June Sage is submitted in support of such specification. This assertion is simply to the effect that no written approval for any plan for the reorganization of schools in Jasper County was ever submitted to an official meeting of the Jasper County School Committee by the State Commission. The record shows that such approval was received. Defendant's Exhibit No. 3 was identified as the official copy of the Jasper County School Reorganization Plan. Witness Don B. Porter, Chairman of the County Commission, so identified the same and stated that it was approved August 24, 1961, and had been in his possession since. He stated that the members of the Committee saw the letter of approval and that 6 members made a report to the judge. The record shows conclusively that the approval of the State Commission had been *received*. This we hold to be sufficient in the premises and that the assertion of newly discovered evidence would be unavailing and hence not well taken.

Appellant's Specification IV asserts that error was committed in allowing the filing of defendant's counter-affidavit to that of June Sage. This counter-affidavit simply sets out that the matters complained of in the Sage affidavit (the approval of the State Commission) were filed in the Clerk's Office and were open to the public and with ordinary diligence could have been seen by the appellant.

As to the surprise element set out in the Sage affidavit, it appears that the witness, Don Porter, who testified that the approval of the State Commission had been received, was a witness adverse to appellant and, in fact, was a defendant. Surprise testimony by an adverse party is not a ground for a new trial.

*Pittsburgh, Cincinnati and St. Louis Railway Company* v. *Sponier* (1882), 85 Ind. 165, 172.

Furthermore, an allegation of newly discovered evidence must raise a reasonable presumption that a different ■ result would be obtained if the new evidence were to be introduced.

*Koeneman* v. *Aldridge* (1954), 125 Ind. App. 176, 183, 122 N. E. 2d 345.

The court has wide discretion concerning newly discovered evidence in relation to his ruling on a motion for new trial and there is no showing of abuse of discretion here.

Flanagan, Wiltrout & Hamilton, *Indiana Trial and Appellate Practice,* § 1812, p. 387.

The Court did not err in overruling the motion for a new trial and the decision of the Court is not contrary to law.

Judgment affirmed.

Hunter, J., concurs in result. Smith, J., not participating.

NOTE.—Reported in 208 N. E. 2d 193.